84  669
94  313

SCHUENKE, Respondent, vs. THE TOWN OF PINE RIVER, Appellant.

*March 25 — April 11, 1893.*

*Highways: Change of course: Barrier to warn travelers from old track: Constructive notice of defect: Injury on abandoned track remote from highway: Evidence: Special verdict: Instructions: Intoxication.*

1. Where the course of a highway was changed so that it crossed a river at a different point, where a new bridge was constructed, but the former track, leading to a defective old bridge, remained equally as passable for travel as the new one and was more direct, it was

the duty of the town to erect a barrier at the intersection of the two tracks to warn travelers to keep off the old track, and to maintain such barrier as long as the old track remained in such condition that, to a stranger thereto, it presented the appearance of a traveled highway; and the absence of a barrier under such circumstances is a defect in the highway.

2. Where a barrier erected at the intersection of the tracks had been substantially gone for several months, the town was chargeable with notice of that fact.

3. Where, by reason of the lack of a barrier, a traveler in the night-time passed over the old track and was injured while attempting to cross the defective old bridge, the injury was caused by the defect in the highway, although it happened at a point several rods distant therefrom.

4. Evidence as to the conditions at the intersection of the tracks existing some time after the accident was admissible, where there was further evidence showing that such conditions were the same as when the injury was received.

5. Where the questions submitted for a special verdict sufficiently cover and include the material and controverted facts in the case, it was not error to refuse to submit other questions.

6. Where, in an action for injuries caused by a defective highway, a question is submitted for a special verdict as to whether the plaintiff, at the time of the injury, was so intoxicated as to be incapable of exercising ordinary care, it was not error to refuse to instruct the jury as to the legal effect of such intoxication.

APPEAL from the Circuit Court for *Lincoln* County.

A public highway between the cities of Merrill and Wausau, which has been used as such for thirty years, extends through the town of *Pine River*, the defendant. This action was brought by plaintiff against such town to recover damages for injuries to his person and property, which he alleges were caused by a defect in and the insufficiency of a portion of such highway therein.

The highway in question is on the east side of Wisconsin river. It extends from Merrill in a southeast direction, and crosses Pine river in defendant town about five miles from Merrill. The course of that river is from northeast to southwest. Until early in 1888 the highway, as it ap-

proached Pine river from Merrill, ran in a southwesterly
direction to the river, crossed the river on a wooden bridge,
and extended from thence southerly towards Wausau.
Early in 1888 the highway was changed by competent au-
thority so that it left the old track at a point fifteen or
twenty rods northeast of the bridge, and ran from that
point nearly south about ten rods to the river above the
old bridge, making a considerable angle with the old road,
crossed the river on a bridge erected on the new line, and
intersected the old road at a point south of such bridge.
The old road between the points of intersection with the
new road was duly vacated. The town authorities removed
most of the planks and some of the timbers from the old
bridge, using them elsewhere, and placed a sufficient bar-
rier in the old road near the point of intersection with the
new road northwest of the river, to warn travelers against
using the old road. Both the old and new roads were
graded and put in proper condition for travel; the first
long before, and the other after, such change.

On the evening of December 5, 1890, the plaintiff left
Merrill for Wausau upon such highway, driving a team of
horses. It was dark when he reached the point where the
new road left the old road on the northwest side of Pine
river. He did not take the new road, but continued in
the old track to the river, and attempted to cross it. The
horses went through the remains of the old bridge into the
river, and one of them was drowned. In attempting to
save his horses, plaintiff also fell into the river, and his
collar bone was broken. He did not obtain relief for several
hours, and suffered greatly from exposure, anxiety, and
pain, and was disabled by reason of his injuries for several
weeks thereafter. These are the injuries complained of.

All conditions precedent to the maintenance of the ac-
tion were performed, and no question arises upon the plead-
ings. On the trial of the action, testimony was introduced

tending to show that plaintiff was intoxicated when in-jured; also that the barrier above mentioned, which had been placed in the old track to warn travelers of the change in the highway, had disappeared, or nearly so, either by the removal thereof or through the action of the elements. There was much testimony bearing upon the questions of the condition of both the old and new tracks, and the alleged contributory negligence of plaintiff.

The court submitted to the jury, as and for a special verdict, the questions: (1) Was the plaintiff so intoxicated when injured as to be incapable of exercising ordinary care to avoid injury? (2) When plaintiff was injured, was the barrier above mentioned sufficient to warn a traveler passing over it, and in the exercise of ordinary care and prudence, that he was off the highway? (3) Was the plaintiff guilty of any want of ordinary care, either in passing over the alleged barrier or otherwise, which in any way contributed to his injuries? The jury answered each of the above questions in the negative, and, in answer to another question submitted to them, assessed plaintiff's damages at $200. The horse which was drowned is alleged to have been worth $75, and the undisputed evidence seems to sustain the allegation.

A motion on behalf of defendant for a new trial was denied, and judgment entered for the plaintiff pursuant to the verdict. Defendant appeals from the judgment.

For the appellant there was a brief by *Flett & Porter*, and oral argument by *W. H. Flett.* They contended, *inter alia*, that though dangerous places so near to and connected with the traveled highway as to render it unsafe are defects in the highway itself ( *Wheeler v. Westport,* 30 Wis. 392; *Hubbell v. Viroqua,* 67 id. 343–346; 9 Am. & Eng. Ency. of Law, 380, 381, note), yet where the defect is remote from the highway no barriers need be erected. 9 Am. & Eng. Ency. of Law, 382, note 1; *Green v. Bridge Creek,* 38 Wis.

Schuenke vs. The Town of Pine River.

449, 462; *Kelley v. Fond du Lac*, 31 id. 179; *Sparhawk v. Salem*, 1 Allen, 30; *Daily v. Worcester*, 131 Mass. 452; *Murphy v. Gloucester*, 105 id. 470; *Hudson v. Marlborough*, 154 id. 218. The fact that the place of accident in this case was once the highway does not change the rule. *Green v. Bridge Creek*, 38 Wis. 462. See, also, *Omaha & R. V. R. Co. v. Martin*, 14 Neb. 295.

For the respondent the cause was submitted on the brief of *Henry C. Hetzel.* He argued, among other things, that the accident was caused by the defect or insufficiency of the highway, and the town is liable therefor although the injuries were received outside of the limits of the highway. *Munson v. Derby*, 37 Conn. 298, 9 Am. Rep. 332; *Ireland v. O. H. & S. P. R. Co.* 13 N. Y. 526; *Alger v. Lowell*, 3 Allen, 402, 405; *Manderschid v. Dubuque*, 29 Iowa, 73, 4 Am. Rep. 196; *Davis v. Hill*, 41 N. H. 329; *Winship v. Enfield*, 42 id. 197; *Thorp v. Brookfield*, 36 Conn. 320; *Howard v. Mendon*, 117 Mass. 585; *Niblett v. Nashville*, 68 Tenn. 684, 27 Am. Rep. 755; *Willey v. Portsmouth*, 35 N. H. 303; *Coggswell v. Lexington*, 4 Cush. 307; *Hayden v. Attleborough*, 7 Gray, 338; *Collins v. Dorchester*, 6 Cush. 396; *Palmer v. Andover*, 2 id. 600; *Wheeler v. Westport*, 30 Wis. 392.

Lyon, C. J. The jury assessed very moderate damages. Probably a much larger assessment might be made without passing the limits of reasonable damages. Should the judgment be reversed on grounds not absolutely fatal to the maintenance of the action, and should another trial result in a verdict for plaintiff, all reasonable probabilities are that the assessment of damages would be largely increased, for such is usually or very frequently the result of new trials in actions of this character, unless the judgment has been reversed for excessive damages. But the defendant town, believing, doubtless, that it ought not to be held lia-

ble to the plaintiff, has taken the risk of an appeal from the judgment against it, and the case, as made in the record before us, must be determined by this court.

It may be observed at the outset that there is sufficient testimony, if the jurors believed it (as manifestly they did), to support the several findings of the special verdict. (1) The testimony leaves no reason to doubt that plaintiff was intoxicated when injured. The question put to the jury on the subject is framed upon that theory, for it only calls for a finding as to the *degree* of such intoxication. The jury found that it did not incapacitate plaintiff from exercising ordinary care to avoid injury. (2) The testimony that the barrier placed in the old track near the point where the new track diverged therefrom had nearly disappeared, leaving only a little debris of the original barrier in the track, which might not attract the attention of a traveler passing there in the night-time in the exercise of reasonable care, or suggest to him that he was leaving the proper traveled track, is quite full and satisfactory, and there is no very satisfactory testimony to the contrary. We think the jury were justified in finding that the remains of such barrier, when plaintiff was injured, were not sufficient to warn a traveler unacquainted with the road, passing over it in the night-time, that he was off the highway. (3) Negligence on the part of plaintiff contributing directly to the injury of which he complains was not conclusively proved, although there is testimony tending strongly to prove it; hence the question of contributory negligence was properly submitted to the jury.

If the absence of a sufficient barrier or some signal at the intersection of the two tracks to warn travelers to keep off the old track, constitutes a defect in the highway, there seems no doubt, under the finding in the special verdict, that the plaintiff is entitled to recover. Is such want thereof a defect in the highway, for the consequence of

which the town is liable? If it was the duty of the town
to erect and maintain such barrier, the absence of it would
be a defect in the highway, the same as the absence of
proper railings upon a high bridge, or proper guards to
protect travelers, especially in the night-time, from going
into a pit or upon an obstruction in or near the highway,
would be such a defect. From the point of intersection to
Pine river both tracks were worked and smoothly graded
and beaten down. One was just as passable a road as the
other for travel. The old track was more direct, and
(other conditions being the same) was equally as liable —
perhaps more liable — to be taken than the new road by a
person who, like the plaintiff, was not familar with the
road and was traveling it in the night-time. The liability
to take the old road would be increased in the darkness of
the night by the fact that it is the most direct route and
telegraph poles are located on it and not on the new track.
There can be no doubt but that, when the old bridge was
broken up and rendered impassable, it was the duty of the
town to place a sufficient barrier or signal at the point
where the two tracks diverged, to warn travelers that they
must there leave the old track and turn upon the new
track. The town at that time performed such duty. But
the barrier which it placed there became broken down, and
had so nearly disappeared when the plaintiff was injured
that it ceased to be notice to travelers, exercising proper
care, that the old track was not still the traveled highway
and in use as such. Was it the duty of the town to keep
up and maintain such barrier? We think the only sensible
and just answer to this question is that such duty contin-
ued as long as the old track was allowed to remain in such
condition that, to a stranger thereto, it presented the ap-
pearance of a traveled highway. There is testimony to the
effect that it presented that appearance to plaintiff on the

Schuenke vs. The Town of Pine River.

night he was injured. We are of the opinion, therefore, that there is sufficient proof to sustain the finding in the special verdict of the want of a barrier; which, as we have seen, is the equivalent, under the proofs, of a finding that the highway was defective and insufficient. The verdict acquits plaintiff of any negligence contributing to his injuries, and the verdict and proofs are conclusive that such injuries were the result of the defect in the highway.

The foregoing views really dispose of the case on the merits, but several other exceptions are preserved, some of which require brief notice. Twenty questions were proposed on behalf of the town as and for a special verdict. The court refused to submit them to the jury, except as they are included (as many of them are) in those which were submitted. We think the questions submitted sufficiently cover and include the material and controverted facts in the case, and are better drawn than those which the court refused to submit. It is unnecessary to discuss the subject further.

The court was also requested on behalf of the town, but refused, to charge the jury as to the legal effect thereof if plaintiff, at the time he was injured, was so intoxicated as to be incapable of exercising ordinary care and prudence. All the court desired was to be informed whether plaintiff had reached that stage of intoxication, and submitted that question to the jury. Had the jury answered it affirmatively, it was for the court to say what is the legal effect of that degree of intoxication under such circumstances.

An instruction in behalf of defendant was also proposed, to the effect that if the town placed a sufficient barrier at the point of divergence of the two tracks, and the barrier was changed or destroyed by the elements alone, the verdict must be for defendant; also that if the old road was abandoned by the town as a public highway, and has ever

Schuenke vs. The Town of Pine River.

since continued to be so abandoned, the verdict must be for defendant. For reasons already suggested, we think neither proposition is good law.

It is urged by the learned counsel for defendant that plaintiff cannot recover, because (1) the accident happened remote from the highway; and (2) there is no finding that the town had notice that the original barrier at the intersection of the two tracks had disappeared or nearly so. As to the first proposition, it is sufficient to say that, if the injury was directly occasioned by a defect in the highway, it is quite immaterial that plaintiff had reached a point a few rods distant therefrom when he was injured. The fault of the town was in not using the proper means to keep travelers in the highway by proper barrier or signal, which was a defect in the highway; and the injury, wherever it occurred, was the direct result of such fault and defect. As to the second proposition, the question of notice to the town of the defect in question was not litigated. None of the twenty proposed questions above mentioned refer directly to this subject. There is abundant testimony, however, to the effect that the barrier had been substantially gone for several months before the plaintiff was injured. This is constructive notice to the town.

It is assigned for error that the court permitted testimony of the conditions at the junction of the old and new roads existing some time after plaintiff was injured. But there is proof tending to show that those conditions were the same at such times as when the injury was received. This renders the testimony competent.

Other errors are suggested, but the views above expressed are believed to be decisive of the case, and it seems unnecessary to protract this opinion.

*By the Court.*— The judgment of the circuit court is affirmed.