ROBERT B. DENNY, Respondent, v. VIRGINIA BRIDGE & IRON COMPANY, Appellant.

St. Louis Court of Appeals, June 28, 1910.

1. **MASTER AND SERVANT:** Liability for Injury to Third Person: Scope of Agent's Authority. It being within the authority of a superintendent of bridge work to have pieces of bridge iron carried to a blacksmith's shop to be worked on, it was within the scope of his authority to order his men to throw the irons after they had been worked on into the roadway, and hence his master was liable for injury to a third person from their being so put there.

2. **ROADS AND HIGHWAYS:** Quasi Highway: Liability for Placing Obstruction on: Negligence. Though a roadway was not, in some technical sense, a public highway, yet it having been such in the sense that the public constantly used it and was licensed to use it, a person who knew, when he threw iron into it and left it there overnight, that it was a street or road in use by travelers, was liable for injury to a horse, caused by his becoming entangled in said irons.

Denny v. Bridge & Iron Co.

Appeal from Jefferson Circuit Court.—*Hon. Jos. J. Williams,* Judge.

AFFIRMED.

*Kleinschmidt & Reppy* for appellant.

(1) The court erred in refusing to instruct the jury, at the request of defendant, to find for it, at the close of plaintiff's case and again at the close of the whole case. (a) Because the evidence offered on behalf of plaintiff did not show that the road or way in question was ever legally established, or that public work or labor had been expended thereon for a period of ten consecutive years. Section 9472, R. S. 1899; Sikes et al. v. Railroad, 127 Mo. App. 336; State v. Seth Macy, 72 Mo. App. 427. (b) Because the petition alleged that the iron posts in question were in a street in the village of Cedar Hill, while the evidence showed that Cedar Hill was not incorporated and that there was no street at the point where the iron posts were lying. (c) Because there was no evidence that the company's foreman directed the moving of the iron posts from a point near the shed of the blacksmith shop to the point where they were lying at the time of the accident. (d) Because it appears from the uncontradicted testimony, that defendant's foreman was not acting within the scope of his employment and authority when he ordered the posts placed at the point of the accident, if he ordered and directed them so placed, of which there is no evidence, and which defendant denies. Golden v. Newbrand, 52 Iowa 59; Garretzen v. Duenckel, 50 Mo. 104; Snyder v. Railroad, 60 Mo. 417; Meade v. Railroad, 68 Mo. App. 92; Usher v. Telegraph Co., 122 Mo. App. 100; Milton v. Railroad, 193 Mo. 46; Flower v. Railroad, 69 Pa. St. 210. (2) The court erred in giving the instruction on behalf of plaintiff submitting to the jury the determination of what constitutes a public road. Fugate v. Carter, 6 Mo. 267; Hickey v. Ryan, 15 Mo.

63; Turner v. Railroad, 76 Mo. 261; Carroll v. Campbell, 110 Mo. 557; Estes v. Fry, 22 Mo. App. 80; Boot and Shoe Co. v. Bain, 46 Mo. 581; Clem v. Railroad, 119 Mo. App. 245.

*Clyde Williams* and *Wilfred Jones* for respondent.

(1) The petition alleges that the bridge iron was placed in and allowed to remain in a street in the village of Cedar Hill, and the evidence shows it to be a street, road or highway, used and traveled by the public in the said village, which conforms to the pleading. Appellant having failed to attack the petition by any proper pleading, is deemed to have waived all objection save to the jurisdiction, or that it does not state facts sufficient to constitute a cause of action. (2) It was not necessary to show in a civil action for damages that the street, road or highway was regularly established by order of the county court, or that public money and labor had been expended on it for a period of ten years, as that is necessary only in case of prosecution for obstructing a public highway. Sikes et al. v. Railroad, 127 Mo. App. 337; State v. Macy, 72 Mo. App. 427. (3) The street, road or highway was open to and used by the public, being a place where persons traveled in vehicles and otherwise, the general public having a right to use it without restriction, and had done so for more then twenty years, and any one who negligently and carelessly places a dangerous obstruction in such a place and allows it to remain there without using proper care to guard the same is liable in damages for any injury the result of such negligence. Wheeler v. Stock Yards and Terminal Co., 66 Mo. App. 260; Foster v. Swope, 41 Mo. App. 145; Buesching v. Gaslight Co., 73 Mo. 227; Brown v. Railroad, 90 Mo. App. 20; Kelley v. Parker-Washington Co., 107 Mo. App. 495; Cooley on Torts (2 Ed.), pp. 748, 793, 29 Cyc. 466. (4) The bridge iron was placed in the street, road or highway by the agents and servants of appellant while en-

gaged in the master's business and within the scope of their employment, and it was permitted to remain there with full knowledge on their part for more than two weeks; therefore appellant is liable. Canfield v. Railroad, 59 Mo. App. 354; Garretzen v. Duenckel, 50 Mo. 104; Haehl v. Railroad, 119 Mo. 325; Meade v. Railroad, 68 Mo. App. 92; Sherlock v. Railroad, 85 Mo. App. 49; Kwiechen v. Holmes & H. Co. (Minn.), 118 N. W. 668, 19 L. R. A. (N. S.) 255.

GOODE, J.—This action was instituted to recover damages for an injury alleged to have been caused to a mare by the negligence of defendant, a corporation. The company was constructing a wagon and footbridge across Big River near the village of Cedar Hill in Jefferson county. In said village was a blacksmith shop conducted by Ernest Stovesand, and in front of the shop ran a street or highway which had been traveled by the public for from twenty to forty years. There was no proof it had been worked by the county authorities and the village itself was unincorporated. Nevertheless the street was treated as a highway by the traveling public, and there was a well-worn driveway some thirty feet or more wide running in front of the blacksmith shop and constantly used by wagons and teams. The blacksmith would occasionally stand wagons and implements for a while in the part of the highway adjacent to the shop, but the evidence goes to prove he never left such obstructions in the road at night. McKain, superintendent of the bridge work for defendant, told the men working under him to take several large pieces of bridge iron from the side of the bridge to the blacksmith shop, which was eight hundred feet away, in order that work might be done on them by the blacksmith. When this work was finished, the pieces of iron were thrown in the road in front of the shop near the middle of the driveway where teams and wagons passed. The pieces of iron were very ponderous, some being twelve and others

twenty-five feet long, and a few of them were fastened together by smaller pieces. The evidence tends to prove they were thrown in a pile near the center of the road by order of McKain; that is he told his men to throw them "out there," pointing to the middle of the road; and there they lay during the night of January 8, 1908, when plaintiff drove along the street after dark, and the mare that was pulling his vehicle got tangled up in the iron and broke her leg; with the result she had to be killed. Plaintiff is a physician and was returning from a visit to a patient. He testified the night was very dark and there is no contention he was remiss or contributed to the accident, which was due solely to the darkness and the obstruction of the driveway by the pile of irons. The point made on the appeal is the court should have directed a verdict for defendant for two reasons: Because the village was unincorporated and the county authorities had not expended any money or done any work on the road, and because the foreman was not acting within the scope of his authority when he ordered the iron pieces put in the roadway. The latter defense scarcely merits attention. Unquestionably the evidence went to prove it was within the authority of the foreman McKain to have the pieces carried to the blacksmith shop to be worked on, and that the men who carried them acted under his order in doing so and were subject to his orders generally. Everything he did about the irons was within the scope of his authority as superintendent of the bridge work, and if he directed his men to throw the irons in the roadway, and the proof showed he did, this was the act of defendant. [Snyder v. Railroad, 60 Mo. 413; James v. Muehleback, 34 Mo. App. 512.]

Whether the roadway was the street of an unincorporated village, or had been worked by the county authorities, were facts irrelevant to the present case. It was a public highway in the sense that the public constantly used it and was licensed to use it. This fact

was well known to all concerned and in truth it was used by defendant. The foreman knew teams and vehicles drove along it constantly and defendant cannot be excused for his act of putting a dangerous obstruction in the middle of the roadway and leaving it there through the darkness of the night when he must have known it would endanger animals and persons. Counsel for defendant hold the theory that there can be no liability unless the thoroughfare was a public road or street in such sense that one could be prosecuted for obstructing it. The essential fact is that defendant's foreman knew it was a street or road in use by travelers and so knowing placed the irons in it and left them there through the night when he was aware, or in common prudence should have been, he thereby exposed travelers to peril. This was gross negligence, for which defendant must respond in damages; for it will not do to say one may create pitfalls or dangerous obstructions in a way the people are licensed to use, even though it be not, in some technical sense, a public highway. [Sikes v. Railroad, 127 Mo. App. 337, 105 S. W. 700; Wheeler v. Railroad, 66 Mo. App. 260.]

Judgment is affirmed. All concur.