HANNAH C. HIGMAN, *Appellant*, V. QUINDARO TOWN-
SHIP et al. (QUINDARO TOWNSHIP, *Appellee*).

No. 17,808.

SYLLABUS BY THE COURT.

HIGHWAY—*Change in Public Road—Dangerous Place Unguarded
—Personal Injuries.*  Upon a resurvey a township highway
crossing a deep ravine with abrupt banks was moved to one
side a distance of forty feet.  The old road was left open for
travel for its full width up to the banks of the ravine.  The
plaintiff, who was not familiar with the conditions, fell into
the ravine and was injured while following the old road on a
dark and misty night.  *Held*, it was the duty of the township
to use reasonable precaution, by barricade or other safeguard,
to prevent travelers from using the portion of the old road
leading up to the banks of the ravine, and that the absence
of a safeguard constituted a defect in the township highway
within the meaning of section 658 of the General Statutes
of 1909.

Appeal from Wyandotte district court, division No. 1.
Opinion filed May 10, 1913.  Reversed.

*E. A. Enright*, of Kansas City, for the appellant.

*J. E. McFadden*, and *O. Q. Claflin*, both of Kansas
City, for the appellee.

The opinion of the court was delivered by

BURCH, J.:  The plaintiff sued for damages for in-
juries resulting from her falling into a ravine crossed
by a highway maintained by the defendant.  Judg-
ment was rendered against her and she appeals.

The evidence tended to show that an old road,
known as the Charles Morasch road, or cinder road,
formerly ran from a continuation of Twelfth street in
Kansas City on the west to an extension of May street
on the east.  This road crossed the ravine in question
on a wooden culvert which washed away.  Afterwards
a survey was made, and beginning at the east side of

the ravine at the location of the old wooden culvert the highway to Twelfth street was moved south a distance of some forty feet. The highway thus established was graded and a retaining wall for its north side was built across the ravine. The old road from Twelfth street to the ravine had been paved with cinders, and it was left open for travel for its full width up to the abrupt bank of the ravine, without barricade or safeguard at either end. A beaten track turned into the new road just east of the retaining wall. On a dark night the plaintiff, who was not familiar with the conditions, entered the old road at Twelfth street and proceeded eastward to a point near the west end of the retaining wall, which stood six-tenths of a foot south of the north line of the highway as resurveyed. It was misting at the time and the plaintiff had her umbrella raised. Although she had been able to follow the dark outline of the cinder road she did not see the wall or the ravine. Pausing at the west end of the wall she saw a small object near her and to her right, which she took hold of with her right hand. This object was part of a 2 x 4 inch post which had been left standing at the corner of the wall next to the new road. Believing that she was at the south side of the road she then took one or two steps forward, whether directly towards May street or somewhat to the north she could not say, and fell into the ravine. When found she was lying beside the wall at the bottom of the ravine, which was ten feet deep.

The plaintiff requested the court to give to the jury the following instruction, which was refused:

"You are instructed that if you find from the evidence that the defendant township widened any part of the highway or caused another one to be laid out and maintained immediately south of the one formerly kept open by it for public travel, without closing the one formerly so maintained by erecting barriers or means to indicate its discontinuance as a public highway, and allowed both highways or such widened high-

way to be used for travel and thereby held out to travelers that all such traveled way was equally suitable for public travel, it will be held answerable in damages for injuries received to persons, resulting from defects in any parts of such traveled way, unless the negligence of such traveler contributed to said injuries."

The jury found specially that the cinder road between Twelfth street and the retaining wall was left open and was used after the wall was built as it had been before, and that the road, as it was defined, used, and maintained at the time of the injury, was defective, but that they were in doubt as to whether or not the plaintiff was on the road when injured. The general verdict was for the defendant.

The instruction requested by the plaintiff was sufficient to bring to the attention of the court the duty of the defendant to protect those who might, without negligence, follow the open cinder road, from plunging into the ravine.

The statute reads as follows:

"Any person who shall without contributing negligence on his part sustain damage by reason of any defective bridge, culvert, or highway, may recover such damage from the county or township wherein such defective bridge, culvert or highway is located, as hereinafter provided; that is to say, such recovery may be from the county when such damage was caused by a defective bridge constructed wholly or partially by such county, and when the chairman of the board of county commissioners of such county shall have had notice of such defects for at least five days prior to the time when such damage was sustained; and in other cases such recovery may be from the township, where the trustee of such township shall have had like notice of such defect." (Gen. Stat. 1909, § 658.)

Under statutes of this character it is held that the highway is not made safe until reasonable precautions have been taken to prevent travelers from being entrapped by the situation presented. It is not enough that the new way be lawfully established. Suitable

measures must be taken to indicate that the new road is the road and that the old road is no longer the highway. Until this is done and travel is fairly excluded from the old road and confined to the new, the road is defective.

"Where there is a change in the location of a highway, by which a portion of it is discontinued, and a new road running near to, and nearly parallel with, the old road is substituted therefor, and the old road becomes impassable or dangerous, it is the duty of the town to use reasonable precautions, by means of a railing or otherwise, to prevent travelers from going upon the old road. A neglect to do so constitutes a defect in the existing highway, within the meaning of the statute." (*Munson v. Town of Derby*, 37 Conn. 298, syl.)

"Where the course of a highway was changed so that it crossed a river at a different point, where a new bridge was constructed, but the former track, leading to a defective old bridge, remained equally as passable for travel as the new one and was more direct, it was the duty of the town to erect a barrier at the intersection of the two tracks to warn travelers to keep off the old track, and to maintain such barrier as long as the old track remained in such condition that, to a stranger thereto, it presented the appearance of a traveled highway; and the absence of a barrier under such circumstances is a defect in the highway." (*Schuenke v. The Town of Pine River*, 84 Wis. 669, syl. ¶ 1, 54 N. W. 1007.)

"Where a highway containing a plain and well-beaten track is discontinued, it is the duty of the town to give such notice or warning or erect such barriers as will prevent its use by travelers by night as well as by day; and in the absence of such notice travelers have a right to presume that such a highway has not been discontinued or obstructed.

"Where a town has permitted a barbed-wire fence to be placed across a discontinued highway in such a way that it not only failed to warn travelers by night but exposed them to positive danger, it is liable for damage caused thereby." (*Bills v. The Town of Kaukauna*, 94 Wis. 310, syl. ¶¶ 1, 2, 68 N. W. 992.)

"Where an old road or way, becomes dangerous to travel, is abandoned for a new location, established, public authorities in charge of the work must put up barriers or warnings to protect persons traveling thereon, acting upon the belief, justified by appearances, that the old way is still open, and it is negligence not to do so." (*Daniels v. County Court,* 69 W. Va. 676, syl. ¶ 1, 72 S. E. 782.)

The resurvey of the highway was made in the fall of 1907 and the improvements were completed in the spring of 1908. The plaintiff was injured in October, 1908. During all of this time Martin Deckman was trustee of the township. He directed and superintended the building of the wall, and after it was completed, inspected the wall and the road. The conditions remained unchanged from that time until the incident in question occurred. These facts were abundantly sufficient to establish actual notice to the trustee of the defective condition of the highway.

The judgment of the district court is reversed and the cause is remanded for a new trial.