No. 29,484.

NANNIE ARNOLD, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF COFFEY, *Appellee.*

(291 Pac. 762.)

Opinion filed October 11, 1930.

*James G. Sheppard,* of Fort Scott, *Gilbert H. Frith* and *Owen S. Samuels,* both of Emporia, for the appellant.

*Joe Rolston, Jr.,* county attorney, *Joe Rolston,* of Burlington, and *Roland Boynton,* of Topeka, for the appellee.

344

The opinion of the court was delivered by

HARVEY, J.: This is an action authorized by R. S. 68-301 for damages for personal injury alleged to have been sustained because of a defect of a county culvert or highway, of which defect the chairman of the board of county commissioners had notice for more than five days prior to the injury, and which injury was caused without contributory negligence on the part of the plaintiff. The jury answered special questions and returned a general verdict for defendant. Plaintiff has appealed.

The story of the casualty as disclosed by the record may be stated briefly as follows: Plaintiff and her husband, John Arnold, resided at Independence. On the afternoon of October 7, 1928, they started for Osage county to visit relatives. They were riding in a Ford coupé driven by John Arnold. They neared the north line of Coffey county about dusk. The lights on their car were burning. When within perhaps fifty feet of the east-and-west road on the north line of Coffey county, not being familiar with the road, Mr. Arnold drove to the right hand, or east, side of the road and stopped his automobile, got out of the car on the left-hand side and walked forward to read the road signs at the intersection. Soon after he started to walk forward the plaintiff got out of the car on the right-hand side, stepping in some grass or weeds which had been mowed along the edge of the traveled road, and started to walk north to where her husband was. She had proceeded north but two or three steps when she stepped into a ditch, perhaps two feet across and fifteen to eighteen inches deep, fell and sustained severe physical injury. The open ditch into which she stepped was at the end of a circular corrugated iron culvert, or conduit, eighteen inches in diameter and twenty-four feet long, which had been placed across the roadway at a sufficient depth to be covered with two or three inches of dirt, for the purpose of letting the surface water pass from one side of the road to the other.

Much evidence was introduced at the trial as to whether the highway where the casualty occurred was a county highway, but in this opinion we shall treat that point as having been well established, which the record seems clearly to disclose. We shall also regard this galvanized conduit as being a culvert, as that term is used in the statute (R. S. 68-1101), and hence that it was the duty of the

county board to have substantial guard rails at each end of the culvert, as required by R. S. 68-1110. This particular conduit had been placed in the highway in 1922. No guard rails had ever been placed at the ends of the culvert.

A brief analysis of the statute on which the action is based is deemed appropriate. Prior to 1887 (Laws 1887, ch. 237) counties and townships, being quasi-corporate subdivisions of the state, were not liable in damages for any injuries sustained because of negligence of their officers or employees in the construction or maintenance of highways, bridges, or culverts, or because of defects therein. (*Eikenberry v. Township of Bazaar*, 22 Kan. 556; *Comm'rs of Marion Co. v. Riggs*, 24 Kan. 255. See, also, *Silver v. Clay County*, 76 Kan. 228, 91 Pac. 55; *Shawnee County v. Jacobs*, 79 Kan. 76, 78, 99 Pac. 817; *Harper v. City of Topeka*, 92 Kan. 11, 14, 139 Pac. 1018.) By this statute (Laws 1887, ch. 237, revised and now R. S. 68-301) counties and townships are made liable under some circumstances in damages for injuries sustained because of *defects* in bridges, culverts and highways. The revised statute, so far as here pertinent, reads:

"Any person who shall without contributing negligence on his part sustain damage by reason of any defective bridge, culvert, or highway, may recover such damage . . . from the county when such damage was caused by defective bridge, culvert or highway constructed wholly or partially by such county, and when the chairman of the board of county commissioners of such county shall have had notice of such defects for at least five days . . ." (R. S. 68-301.)

It should be noted that this statute does not impose liability for general negligence. It imposes a liability created by statute for *defects* in bridges, culverts and highways. (*Cunningham v. Clay Township*, 69 Kan. 373, 377, 378, 76 Pac. 907; *Parr v. Shawnee County*, 70 Kan. 111, 115, 78 Pac. 449; *Fisher v. Township*, 87 Kan. 674, 678, 125 Pac. 94; *Rothrock v. Douglas County*, 98 Kan. 286, 158 Pac. 19; *Wagner v. Edwards County*, 103 Kan. 719, 729, 730, 176 Pac. 140, 665; *Hollinger v. Dickinson County*, 115 Kan. 92, 222 Pac. 136; *Cunningham v. Rice County Comm'rs*, 121 Kan. 269, 246 Pac. 526; *Shaw v. Lyon County Comm'rs*, 126 Kan. 319, 267 Pac. 1096.)

Before recovery can be had under this statute four things must be established. Stating them in their logical order, rather than the order in which they appear in the statute, they are: *First*, that there was a defect in a bridge, culvert or highway. The statute deals with the results rather than with negligence. ". . . The statute

substitutes a specific test." (*Cunningham v. Clay Township*, supra.) ". . . Liability is determined by the results accomplished rather than by the diligence exercised." (Id. 378. See, also, *Parr v. Shawnee County*, supra.) "The liability . . . is statutory and unless the damages alleged fall strictly within the terms of the statute imposing such liability there can be no recovery." (*Rothrock v. Douglas County*, supra.) "The liability . . . is statutory, and is not coextensive with the common-law liability for negligence." (*Wagner v. Edwards County*, supra.) "Counties are liable for damages caused by defective highways to the extent only that they are made so by statute." (*Cunningham v. Rice County Comm'rs*, supra.) On this point, in an action of this character, the simple question is: Was the bridge, culvert or highway defective? The question of how much or how little care had been exercised by the responsible county officials in the construction or maintenance of the bridge, culvert or highway in question is of but little or no consequence. If the result of their efforts is a defective bridge, culvert or highway, such defect makes the county liable if the other elements of liability are present. Under some circumstances the question whether a bridge, culvert or highway is defective is a question of fact to be determined by the jury. (*Cunningham v. Clay Township*, supra; *Watson v. Parker Township*, 113 Kan. 130, 213 Pac. 1051.) But the omission of the responsible county officials to provide statutory safeguards, such as substantial guard rails at each end of culverts, as required by R. S. 68-1110, constitutes a defect as a matter of law. (*Higman v. Quindaro Township*, 89 Kan. 476, 132 Pac. 215; *Amis v. Jewell County*, 98 Kan. 321, 158 Pac. 52; *Story v. Brown County*, 116 Kan. 300, 302, 226 Pac. 772.)

The second thing which must be established by the evidence is that a defect in a bridge, culvert or highway caused the injury for which damages are sought. Even though such a defect exists, if it were not the proximate cause of the injury, there is no liability. (*Norris v. Ross Township*, 98 Kan. 394, 161 Pac. 582.) This appears to be the ordinary rule of cause, or legal cause, essential to be established before recovery can be had in actions for tort.

The third thing which must be established in order to recover from the county under this statute is that the chairman of the board of county commissioners had notice of the defect in the bridge, culvert or highway as much as five days prior to the injury. Such notice to any other official, employee, or agent of the county is in-

sufficient. (*Murray v. Woodson County*, 58 Kan. 1, 48 Pac. 554; *Wagner v. Edwards County*, supra.) This notice must amount to actual knowledge. (*Hari v. Ohio Township*, 62 Kan. 315, 62 Pac. 1010.) The fact that the defect had existed for a long time, or that the chairman, if diligent in the performance of his duty, should have known of the defect, is not sufficient. (*Parr v. Shawnee County*, supra.) It must be shown that he had actual knowledge of the specific defect which caused the injury. (*Jones v. Walnut Township*, 59 Kan. 774 [memo only], 52 Pac. 865; *Parr v. Shawnee County*, supra; *Valley Township v. Stiles*, 77 Kan. 557, 559, 95 Pac. 572.) Defendant's demurrer should be sustained if the petition does not allege such actual knowledge (*Hari v. Ohio Township*, supra; *Higman v. Quindaro Township*, 91 Kan. 673, 139 Pac. 403), or if the evidence does not show it (*Wagner v. Edwards County*, supra; *Rosebaugh v. Allen County Comm'rs*, 120 Kan. 266, 243 Pac. 277). This showing may be made by any competent evidence, direct or circumstantial (*Story v. Brown County*, 116 Kan. 300, 302, 226 Pac. 772; see, also, *Cloud County v. Vickers*, 62 Kan. 25, 61 Pac. 391; *Erie Township v. Beamer*, 71 Kan. 182, 79 Pac. 1070; *Mosier v. Butler County*, 82 Kan. 708, 710, 109 Pac. 162; *Higman v. Quindaro Township*, 89 Kan. 476, 132 Pac. 215; *Amis v. Jewell County*, supra; *Joyce v. Quindaro Township*, 112 Kan. 513, 212 Pac. 68); but the showing of the chairman's actual knowledge of the specific defect in the bridge, culvert or highway which caused the injury for which damages are sought as much as five days before the injury is essential to liability. (See cases above cited, also *Leisenring v. Pleasant Hill Township*, 108 Kan. 29; 193 Pac. 893; *Burgess v. Center Township*, 115 Kan. 346, 223 Pac. 475.)

The fourth thing that must be established is that there was no contributory negligence on the part of the one claiming damages. With respect to this requirement it was in effect held in some early cases by the court of appeals (*Falls Township v. Stewart*, 3 Kan. App. 403; *Township v. Guldner*, 7 Kan. App. 699) that it was essential for plaintiff to allege a want of contributory negligence, and if that were denied by defendant the burden of proof was on plaintiff to establish that fact. But when that question first arose in this court it was held, in *Reading Township v. Telfer*, 57 Kan. 798, 48 Pac. 134, that the statute did not change the burden of pleading or proof of contributory negligence on his part. The later decisions have been consistent with this holding. See *Wagner v. Edwards*

*County,* supra; *Watson v. Parker Township,* supra; *Bringle v. Gale Township,* 127 Kan. 115, 272 Pac. 126; *Knox v. Stevens County Comm'rs,* 128 Kan. 22, 276 Pac. 84; and *Wagner v. Clay County Commissioners,* 128 Kan. 127, 276 Pac. 14, where it was held, "The burden of proving contributory negligence is on the defendant." It is well settled, therefore, by the decisions of this court that in actions based on this statute, where defendant relies on the contributory negligence of plaintiff, such negligence must be alleged by defendant and established by the evidence in the case, as in ordinary cases of negligence.

We have set out the pertinent portion of the statute and referred to its interpretation by this court for the reason that the record in this case tends to show that neither counsel on either side of the case nor the court clearly comprehended its scope. Plaintiff, by her petition and the several amendments thereof, by evidence offered and by argument, predicated her right to recover on general principles of negligence. So far as plaintiff's right to recover is concerned, the pleadings, evidence and argument on plaintiff's behalf should have been limited to, (1) whether a defect existed in the culvert or highway and facts with respect to the specific defect, (2) whether plaintiff's injury was caused by such defect, and (3) whether the chairman of the board of county commissioners had actual knowledge of such defect as much as five days before the injury. Defendant relied in part upon contributory negligence of plaintiff without pleading it, but under a general denial of plaintiff's allegation that she had used due care. The court's instructions embodied these erroneous theories of liability. The result is that the case was not tried in conformity to the statute in question as interpreted by this court.

The jury answered two groups of special questions. One group related to the knowledge of the chairman of the board of county commissioners of the bad condition of the highway at the place in question as much as five days before plaintiff's injury. Plaintiff had alleged such knowledge, defendant had denied it, and the instructions on this point are not questioned. The special questions and answers relating thereto are, in substance, as follows: (1) That F. H. Jennings was chairman of the board of county commissioners at the time of plaintiff's injury and had been for more than five days prior thereto; (2) that he did not have notice or knowledge of the defect in the highway or culvert, if any existed, for as much

as five days prior to the injury; (3) that while chairman of the board he went over the highway in question for the purpose of inspecting the same for defects and general condition; (4) that at the time of the annual inspection in June, 1927, in company with other members of the board of county commissioners and county engineer, he knew there was no guard rail on the culvert in question; and (5) that he did not know the slope of the ground or drain along the sides of the road, and that the water was obliged to be carried across the road at this place. Plaintiff moved to set aside the answer to question two for the reason that it was contrary to the evidence and contrary to finding No. 4. This motion was denied, and appellant complains of that ruling. The evidence with respect to the culvert in question was that sometime in 1922 the supervisor of that portion of the county road advised the county commissioners that a tile drain across the road at this point had been broken by the traffic, and W. J. Duffy, then chairman of the board of county commissioners, ordered the corrugated, galvanized iron conduit, eighteen inches in diameter and twenty-four feet long, and directed the supervisor of the road to put it in place, which he did, at such a depth that it was covered with two or three inches of dirt. At that time the roadbed had been graded to a width of twenty-four feet. The galvanized iron conduit was as long as the graded portion of the road was wide. In the few years following, the roadbed north and south of this culvert had been gradually widened by grading until at the time of the injury it was about twenty-nine feet wide. Most of this additional width was on the east side. The culvert had not been lengthened, and the result was a ditch at the end of the culvert. The traveled portion of the highway at the culvert was never more than twenty-four feet wide until after plaintiff's injury. Some time thereafter, whether in November or February is not clear, the culvert was lengthened by putting in a three and one-half foot extension. Some grass and weeds had grown up along the side of the traveled road and on the shoulder of the graded portion. These had been mowed with a mowing machine on August 2 and again on September 20. At the time of plaintiff's injury and for some time prior thereto the culvert was not easily observed by one passing along the road. Even the man who mowed the weeds mowed over it without seeing it. F. H. Jennings became a member of the board of county commissioners in January, 1925, and served four years. He was chairman of the board during 1927. His testimony was

that he never knew a culvert was at this place in the highway, although he was along the highway at least once each year on a tour of inspection. Similar testimony was given by each of the other members of the board of county commissioners and by the county engineer. It is true, as the jury found in answer to question four, that Jennings knew there was no guard rail along the highway at the place in question, or near there, but likewise he did not know that there was any culvert there, or any need of a guard rail. In view of this evidence, finding No. 4 did not require the setting aside of finding No. 2, that Jennings did not have notice or knowledge of the defect in the highway or culvert, if any existed.

Appellant argues that the evidence disclosed Duffy knew of the defect in the highway which caused plaintiff's injury. The jury was asked no special question on that point, and their general verdict is to the contrary. Indeed, it does not appear that this point was seriously urged in the court below.

Since it is essential for plaintiff to show that the chairman of the board of county commissioners had notice or knowledge of the defect alleged to have caused the injury as much as five days prior to the time of the injury, and since this question was squarely presented by the issues, fairly tried, and has been decided adverse to plaintiff, there would be no virtue in granting a new trial, notwithstanding the fact that the case in other respects was not tried in harmony with the statute.

The other group of special questions submitted to the jury related to the contributory negligence of plaintiff. Appellant complains of some of the findings of the jury on this point, but in view of the conclusion reached on the question previously discussed it will not be necessary to examine these findings in detail.

The judgment of the court below is affirmed.