No. 32,414

DENNIS COWAN, a Minor, by CHARLES COWAN, his Father and Next Friend, *Appellant,* v. ROCKFORD TOWNSHIP, and GEORGE BRADFIELD, as Trustee, ALBERT LAUBER, as Clerk, and ELMER COOK, as Treasurer, *Appellees.*

(52 P. 2d 623)

Opinion filed December 7, 1935.

*H. W. Hart, Glenn Porter, Enos E. Hook* and *Getto McDonald,* all of Wichita, for the appellant.

*James B. Nash* and *J. Murray Burriss,* both of Wichita, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for personal injuries alleged to have been caused by a defect in the township highway. The trial court directed judgment for defendants. Plaintiff has appealed.

The facts disclosed by the record may be summarized as follows: The highway in question, properly classified as a township highway, extends north from the town of Derby, in Sedgwick county. It is a dirt road. Plaintiff, a boy about five years of age, lived with his parents in a farm home on the west side of this highway about a mile north of Derby. There the land is rather high, and from in front of the Cowan home the highway slopes downward to the south. For several years the driveway from the highway into the Cowan premises was north of the Cowan house, but three or four years before the injury complained of the township graded the road, and in doing so made a new driveway south of the Cowan house. This appears to have been done because the slope was such that the ditch at the side of the road at the south driveway was deep enough to permit the use of a steel pipe, twelve inches in diameter, as a culvert. This was put in, covered with dirt, and the driveway

properly graded by the township. The use of the old driveway to the north was abandoned.

Plaintiff alleged that he was riding·on the spring seat of a wagon driven by his uncle, who was hauling water; that it turned into the Cowan premises from the highway on the driveway prepared by the township; that the driveway was defective; that the wagon overturned and he suffered a broken arm, for which injury he claimed damages. It is further alleged that the township trustee had notice of the defective condition of the driveway and culvert. . Defendants answered, denying liability. Their motion for judgment on the pleadings and their objections to the introduction of evidence were overruled. Plaintiff introduced his evidence, which disclosed the injury did not occur at the south driveway, above described, but did occur at the north one; that the south driveway had been permitted to get out of repair and the township trustee had been notified of that fact. When this developed plaintiff asked leave to amend his petition by alleging in substance that the south driveway had become so defective that it was impassable, for which reason plaintiff's uncle had attempted to use the north one. The court permitted the amendment, denied plaintiff's offer of proof, which did not go to the extent that the township had reëstablished the old north driveway, or that the trustee had any notice of defects therein, and then held plaintiff could not recover.

Appellant argues that under R. S. 68-543 it was the duty of the township to put in and maintain a driveway to these premises. That may be conceded, but neglect of duty of the township officers in this regard, even if the record showed such neglect, would not justify recovery of damages for an injury that occurred at some other place. The township is liable in damages only to the extent made so by statute, and R. S. 68-543 does not authorize the recovery of damages for noncompliance with the statute, even if such noncompliance were shown.

The action must of necessity be predicated upon R. S. 68-301, which, shortly stated, provides that any person who, without contributing negligence on his part, shall sustain damages by reason of a defective township bridge, culvert, or highway, may recover from the township, if the trustee thereof had notice of such defect as much as five days prior to the injury. A number of cases have arisen under this statute as it pertains to townships, or to counties, and it has become settled in our law that in order for a party to re-

cover he must show, among other things, that his injury was caused by a defect in the highway. (*Arnold v. Coffey County Comm'rs*, 131 Kan. 343, 291 Pac. 762.) It has further been held that in making a driveway from the highway to a residence the township board has the discretion to say where it should be placed. (*Bohan v. Summer County Comm'rs*, 131 Kan. 87, 289 Pac. 436.) It is not required to keep the whole distance in front of premises in good condition for driveway purposes. Indeed, such a broad duty is not contended. It is clear in this case that if there was a defect in the south driveway such defect did not cause an injury to plaintiff.

We see no error in the record. The judgment of the court below is affirmed.