[Civil No. 4685.   Filed March 13, 1945.]

[156 Pac. (2d) 904]

C. R. BREEDON, Appellant, v. L. M. WHITE, Doing Business as L. M. WHITE CONTRACTING COMPANY, Appellee.

Mr. Fred V. Moore, for Appellant.

Mr. Theodore G. McKesson, and Mr. Thomas P. Riordan, for Appellee.

MORGAN, J.—This is an appeal from an order of the superior court sustaining a motion to dismiss plaintiff's amended complaint. Plaintiff having stood on his complaint and refusing to amend, judgment was entered dismissing his action.

The sole question for determination here is, did the amended complaint state a claim upon which relief could be granted? The facts as set forth in the complaint are:

For some months prior to and on April 17, 1943, the defendant, a contractor, was engaged in the building or reconstruction of 7½ miles of U. S. Highway No. 60—70, in Maricopa County, south of Wittman. Under its contract with the highway department, defendant constructed an oiled surface detour paralleling the highway project for the use of the public. On the 17th of April defendant opened the new or reconstructed highway for travel, but failed to place a barricade across the detour, or any sign or notice indicating that

it was closed. On the 17th of April, and for sometime prior thereto, this way was being used by the public. Plaintiff about 11 o'clock that night was traveling south along the highway and followed the detour. After traveling over it for approximately 4 miles he drove his car into a pile of black-top material the defendant had placed across the entire width of the detour. No notice or warning of the obstruction was given by flares or otherwise. Plaintiff sustained personal injuries and his car was damaged.

Plaintiff alleged that defendant was negligent in two particulars: First, in failing to put up any sign or barricade to give notice that the detour had been closed; and second, in placing an obstruction on or across the detour without any warning thereof, such as lights or signs.

Section 66–401, Arizona Code Annotated 1939, gives the following definition of a highway:

" 'Highway' shall mean any way, road or place of whatever nature, open to the use of the public as a matter of right for the purpose of vehicular travel, . . . ."

Section 66–501, Arizona Code Annotated 1939, defines a public highway as follows:

" 'Public highway' shall mean any public street, alley, road, highway or thoroughfare of any kind used by the public, or open to the use of the public as a matter of right for the purpose of vehicular travel."

From the allegations of the complaint it would appear that the detour referred to was a public highway within the meaning of the statute. It had been constructed for, was being used by, and had not been closed to vehicular travel. The defendant, as contractor, was in charge of that portion of the highway under construction, and also in charge of the detour. Under the circumstances stated, was there any obligation imposed upon him to give notice that the detour

had been closed to the public? If such an obligation exists, then it is obvious that defendant's action in failing to give such notice and in obstructing the detour without warning thereof would constitute negligence and subject it to liability under the facts alleged.

■ Since the detour, under the law and the facts alleged, must be considered as having the status of a public highway, it was the duty of the defendant, as the party in possession and control of the highway, to give due notice that the detour had been closed to traffic. *Town of Flagstaff* v. *Gomez,* 23 Ariz. 184, 202 Pac. 401, 23 A. L. R. 661; *Thompson Caldwell Const. Co.* v. *Young,* 4 Cir., 294 Fed. 145; *Folkins* v. *Johnston,* 124 Cal. App. 169, 12 Pac. (2d) 153; *Breithaupt* v. *Jahn & Bressi Const. Co.,* 8 Cal. App. (2d) 181, 47 Pac. (2d) 339; *Lampton & Burks* v. *Wood,* 199 Ky. 250, 250 S. W. 980; *Melican* v. *Whitlow Const. Co.,* Mo. Sup., 1925, 278 S. W. 361; *Metcalf* v. *Mellon,* 57 Utah 44, 192 Pac. 676; *Stafford* v. *Nelson Bros.,* 15 La. App. 51, 130 So. 234; *Ulmen* v. *Schwieger,* 92 Mont. 331, 12 Pac. (2d) 856.

■ The rule seems to be settled that when a public highway is abandoned, travelers must be protected at least to the extent of being notified in some adequate way of the fact that the old road has been abandoned. Barricades or notices warning the public of the danger of continuing to use the old way must be so placed as to put an unwary and unsuspecting traveler upon his guard. *Jewell* v. *Rogers Tp.,* 208 Mich. 318, 175 N. W. 151; *Raymond* v. *Sauk Co.,* 167 Wis. 125, 166 N. W. 29, L. R. A. 1918F, 425; *Denny* v. *Virginia Bridge & Iron Co.,* 150 Mo. App. 72, 129 S. W. 714; *Higman* v. *Quindaro Tp.,* 89 Kan. 476, 132 Pac. 215; *Schuenke* v. *Pine River,* 84 Wis. 669, 54 N. W. 1007; *Bills* v. *Kaukauna,* 94 Wis. 310, 68 N. W. 992; *Fritz* v. *Watertown,* 21 S. D. 280, 111 N. W. 630; *Daniels* v. *Randolph County Ct.,* 69 W. Va. 676, 72 S. E. 782, 37

L. R. A. (N. S.) 1158. The fact that the new road had been opened might or might not absolve the contractor from this duty of notifying the public that the old way had been abandoned. Under the allegations of his complaint, and we must assume their truth here, plaintiff would have the right to use either the detour or to travel down the main highway. Both ways were open and both were apparently being used. He had the choice to take either road. It is our view that the complaint states a claim against the defendant upon which relief may be granted.

The judgment of the lower court is reversed and the case remanded with directions that the order dismissing the complaint be set aside, and the action reinstated for further proceedings in accordance with law and this opinion.

STANFORD, C. J., and LaPRADE, J., concur.