Hari v. Ohio Township.

---

ANNA HARI v. OHIO TOWNSHIP, SALINE COUNTY.

No. 11,727. (62 Pac. 1010.)

TOWNSHIP TRUSTEES—*Notice of Defects in Highways.* The five days' notice to township trustees of defects in public highways, required by section 579 of the General Statutes of 1899 (Gen. Stat. 1897, ch. 42, § 48), in order to charge the townships with damages occasioned by such defects, means actual notice, and not notice inferable from the notoriety or long continuance of the defects.

| | |
|---|---|
| 62 | 315 |
| e66 | 169 |
| 62 | 315 |
| 69 | 379 |
| 62 | 315 |
| e70 | 114 |
| 62 | 315 |
| 71 | 183 |

Error from Saline district court; R. F. THOMPSON, judge. Opinion filed December 8, 1900. Affirmed.

*David Ritchie, R. A. Lovitt,* and *Henry C. Long,* for plaintiff in error.

*Wilson & Wilson,* and *Z. C. Millikin,* for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J. : This was an action brought by Anna Hari against Ohio township, Saline county, to recover damages for injuries sustained on account of a defective highway. The action was brought under section 579 of the General Statutes of 1899 (Gen. Stat. 1897, ch. 42, § 48), which allows a recovery against a township on account of defective highways, when the' trustee of such township shall have had at least five days' notice of the existence of the defects prior to the time when the injury occurred. A demurrer to the petition was sustained, and from the order sustaining it error has been prosecuted to this court.

The claim of error relates entirely to the construction of the statute concerning notice to the township trustee. Does the statute require actual notice to him, or is that notice which may be implied from the visible character and long-continued existence of the defect sufficient? The plaintiff's petition disavowed all claim of actual notice to the trustee and only charged against him that notice which may be presumed from the open character and continued existence of the defect. In our judgment, such last-mentioned kind of notice is insufficient. The statute requires "at least five days' notice," and that, we think, means actual notice. It is *notice* the statute requires, and not the inference of notice. Notice of a fact is knowledge of that fact. Constructive notice does not mean knowledge, but is entirely a presumption of law. The requirement of notice for "at least five days" implies that actual notice is meant. If it did not the statute would have to be interpreted as though it read : "The existence of defects for such length of time, not· less than five days, sufficient in character and in gen-

eral notoriety as to raise a presumption of knowledge." The statute cannot be so construed. The road overseers of a township are primarily and specially charged with the repair of the public highways. The township trustee is not charged with that duty, except under the provisions of section 7430 of the General Statutes of 1899 (Gen. Stat. 1897, ch. 42, § 29). That section reads:

"The township trustee may remove obstructions from the highways in cases where the road overseers shall refuse or fail to do so; and the trustee shall in such cases have all the power of road overseers in calling out the inhabitants to perform the work necessary to remove such obstructions."

This section necessarily implies actual knowledge on the part of the trustee. Only under it are any specific duties in relation to the repair of highways imposed on the trustees. There are other statutory provisions, quite general in terms, and some of them vague in meaning, which charge a township trustee with the oversight and supervision of the road overseers in the performance of their duty; but, in general, and as just stated, it may be said that the trustee is nowhere, except in the instance mentioned, specially charged with the observation of the condition of the highways, or the repair of defects existing in them; hence, we do not see how we can read into the statute words which will give it the interpretation contended for by the plaintiff in error.

We do not regard any of the remarks of the courts in this state, quoted in the briefs of counsel, as bearing upon the precise question. We have searched elsewhere than among our own decisions to find authority. The case of *Freeholders v. Hough*, 55 N. J. Law, 628, 28 Atl. 86, is more nearly in support of the

plaintiff's contention than any others. In that case the court construed an act which required reasonable notice to an officer of defects in a highway to mean notice inferable from their notoriety and long continuance. It may be that "reasonable notice" of a defect in a highway means notice presumable from its open exposure and its long existence, but whether that be true or not we cannot regard the case mentioned as one to influence our judgment. Cases of constructive notice to the governing authorities of cities of defects in streets and sidewalks shed no light on the question. Municipal corporations are under a common-law obligation to respond in damages for injuries occasioned by such defects, and they are therefore chargeable with what the common law esteems as notice. *Quasi* corporations, such as townships, are liable only as made so by statute, and therefore the statutory kind of notice must be given.

The judgment of the court below is sustained.