Higman v. Quindaro Township.

No. 18,431.

JOHN C. HIGMAN, *Appellant*, v. QUINDARO TOWNSHIP, *Appellee.*

SYLLABUS BY THE COURT.

1. DEFECTIVE HIGHWAY—*Statutory Notice of Defect to Trustee Not Alleged—Fatal to Recovery.* In an action against a township to recover damages alleged to have resulted from a defective highway an allegation in the petition that the township trustee had five days' actual notice of the defect prior to the time the damage was sustained is essential to a recovery.

2. SAME—*Too Late to Amend Petition—Statute of Limitations.* A petition which fails to include the essential averment of notice can not be cured by an amendment alleging notice after the bar of the statute of limitations has fallen.

3. SAME—*Matters Reviewable by Appellate Court.* An appellate court can not determine that error was committed in denying an application to amend a petition in order to make it conform to the proof unless the proof or a statement of what it established has been brought up for its consideration.

Appeal from Wyandotte court of common pleas; HUGH J. SMITH, judge. Opinion filed March 7, 1914. Affirmed.

43—91 KAN.

· *E. A. Enright,* of Kansas City, for the appellant.

*J. E. McFadden,* and *O. Q. Claflin,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Hannah C. Higman, the wife of appellant, fell into a ravine to which a long-traveled highway led. The culvert over the ravine had washed out and the township authorities moved the highway to one side about forty feet and made a new crossing over the ravine, leaving the old highway open for travel without any guard or barricade. On a dark night Mrs. Higman, who was unfamiliar with the conditions existing there, followed the old highway and fell into the ravine, suffering severe injuries. This action was brought by her husband to recover damages for the loss of her services and companionship, and also for the expenses incurred in nursing and caring for her while suffering from the injuries resulting from the fall. An action had previously been brought by her to recover the damages which she sustained, and the facts concerning the injury are fully stated in the review of that proceeding. (*Higman v. Quindaro Township,* 89 Kan. 476, 132 Pac. 215.)

In his petition the appellant alleged substantially the facts stated in his wife's petition, but he failed to state that the township had notice of the defect in the highway. Under the statute (Gen. Stat. 1909, § 658) imposing a liability upon a township for damages sustained by reason of a defective bridge, culvert or highway, notice to the township trustee of the defect for at least five days prior to the time the damage was sustained is essential to a recovery, and it has been held that nothing less than actual ·personal notice to the officer is sufficient (*Parr v. Shawnee County,* 70 Kan. 111, 78 Pac. 449).

It appears that after appellant had offered his testimony he asked the court for leave to amend his plead-

ing so that it would conform to the proof which he had produced, but this motion was denied. Appellee filed a demurrer to appellant's evidence on the ground that it was insufficient to warrant a recovery against appellee, and this the court sustained. On this appeal the appellant contends that error was committed in denying the application to amend and in sustaining the demurrer to the evidence, but it appears that the appellant did not bring the evidence which he produced in court, nor did he even procure a transcript of the evidence and make the same a part of the record so as to be available on appeal as the code requires. (Civ. Code, § 574.) Without information as to what the proof was, this court can not determine whether or not the proposed amendment would have conformed to the proof; neither can it determine that there was error in sustaining a demurrer to evidence which has not been preserved for our consideration. It is said that the grounds for the rulings were stated by the court at the time they were announced, and hence the evidence is not necessary to the determination of that point. In deciding the case the court remarked that notice was essential to recovery, and that an amendment alleging notice would be futile, as the statute of limitations had run on the statutory action which appellant proposed to plead. It is clear that notice had not been alleged in the original petition, and therefore a cause of action under the statute had not been pleaded. Appellant was insisting that there was a statutory liability against the township, and while he had set out what is in form a common-law liability it will hardly be contended that a recovery could be had against a township by reason of a defective highway except under the statute. Until the notice had been pleaded a statutory cause of action had not been alleged against the township, and it appears that the action was then barred. Amendments to a petition which amplify a cause of action imperfectly pleaded or substitutes a correct for an erroneous

statement of facts relied on for recovery ordinarily relate back to the commencement of the proceeding, but where the amendment sets forth a new cause of action the statute of limitations continues to run until the amendment is filed. (*Powers v. Lumber Co.,* 75 Kan. 687, 90 Pac. 254; *Railroad Co. v. Sweet,* 78 Kan. 243, 96 Pac. 657; *Cunningham v. Patterson,* 89 Kan. 684, 132 Pac. 198.) However, we have nothing here to show that the proof produced tended to establish a cause of action even under the statute.

The filing of amendatory pleadings rests largely in the discretion of the trial court, and upon the record as it is presented here it can not be said that the court abused its discretion.

The judgment is affirmed.