No. 20,223.

REUBEN H. AMIS, *Appellee,* v. THE BOARD OF COUNTY COM-
MISSIONERS OF THE COUNTY OF JEWELL et al. (CENTER
TOWNSHIP, *Appellant*).

SYLLABUS BY THE COURT.

1. DEFECTIVE HIGHWAY — *Damages* — *Pleadings.* The petition and the
evidence examined and held fairly to allege and show a cause of
action.

2. SAME—*Liability of Township.* The fact that the township was re-
pairing a bridge did not relieve it from liability for leaving the high-
way approaching the same in a defective and dangerous condition.

3. TRIAL—*Evidence.* Complaints regarding admission of evidence ex-
amined and found to be without substantial basis.

4. SAME—*Improper Arguments of Counsel.* Certain statements made
in argument by counsel assigned as error are disposed of by the
prompt and sufficient action of the trial court which protected the
rights of the complaining party.

5. DEFECTIVE HIGHWAY—*Notice to Township Officers.* Notice by actual
knowledge of the defective condition of the streets on Monday
amounted to the statutory requirement of notice "for at least five
days prior to the time when such damage was sustained," (Gen. Stat.
1909, § 658) the injury occurring the following Saturday about dark.

6. SAME. Rules followed that absence of safeguard constitutes a defect
and actual knowledge of conditions naturally productive of injury ob-
tained while repairing the highway constitutes notice of defect.

Appeal from Jewell district court; RICHARD M. PICKLER,
judge. Opinion filed June 10, 1916. Affirmed.

*R. W. Turner,* and *D. F. Stanley,* both of Mankato, for the
appellant.

*D. M. McCarthy,* of Mankato, *F. W. Mahin,* and *I. M. Mahin,*
both of Smith Center, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff recovered a judgment against the
township for damages sustained by being thrown from an
automobile which is alleged to have been turned over by rea-
son of obstructions piled in the highway at the end of a bridge
under process of repair by the township board. It was charged

·that the board had determined to tear out the old bridge and construct a new one of cement at the same place and for the purpose of constructing such cement bridge hauled sand and stone and placed it in the roadway at a point near where the bridge was to be constructed and on the abutment, negligently piling the stone across the traveled track at a point about eight feet west of the old bridge in such a manner as completely to obstruct the travel by a vehicle over the highway, and placing large quantities of sand on either side of the track in such manner as to cause it to run into the traveled track, thereby causing the road, highway and bridge to become defective, out of repair and dangerous to travel in the ordinary way and at the usual and lawful rate of speed; that the plaintiff, with others, approached the place in an automobile at a lawful and reasonable rate of speed and the car ran into and struck the sand in such a manner as to upset it, throw the plaintiff out and injure him; that there were no barriers, signs, notices or other warnings placed on the east side of the bridge to apprise him of the danger or defective condition of the highway. The jury found that there was a defect in the highway caused by piles of sand that had existed five days or more and that the township trustee had actual personal knowledge thereof at least five days prior to the time of the injury. The defendant complains that the trial court overruled a demurrer to the petition, an objection to the introduction of evidence, a demurrer to the plaintiff's evidence and a motion for new trial and erred in the instructions and in the admission of evidence.

The petition and the evidence respectively charged and fairly tended to show a cause of action in favor of the plaintiff and a corresponding liability against the township.

The statute authorizes a recovery for damages by reason of any defective bridge, culvert or highway (Gen. Stat. 1909, § 658), and while counsel are correct in their assertion that a duty rested upon the township to repair the bridge in question this duty did not authorize the obstruction of the highway leading thereto or relieve the township from responsibility for rendering and leaving it in a defective and dangerous condition.

The fact that the bridge was undergoing repairs did not relieve the township from keeping the highway in condition for travel. To hold otherwise would make it possible for the town-

Amis v. Jewell County.

ship board to continue a road in a dangerous condition at will so long as the excuse of repair or reconstruction could be advanced. There is no inconsistency between the duty to repair and the duty to keep in safe condition. As was said in *Cunningham v. Clay Township*, 69 Kan. 373, 76 Pac. 907:

"The liability of the township is founded upon neglect of the duty to keep the highway in repair. But instead of the general requirement of ordinary diligence in the discharge of such duty the statute substitutes a specific test. When injury is sustained by reason of a defective highway, if the township trustee has had five days' notice of the defect the township is liable, however great care the officers may have exercised; . . . The statute makes its own definition of actionable negligence." (p. 377; *Jacobs v. Bangor*, 16 Maine, 187, 33 Am. Dec. 652, and cases cited; *Snowden v. Town of Somerset*, 52 App. Div. 84; *Hurst v. Taylor*, 14 Q. B. Div. 918.)

See *Higman v. Quindaro Township*, 89 Kan. 476, 132 Pac. 215, and cases cited, holding that the absence of a safeguard constitutes a defect within the meaning of the statute. In *Sims v. Williamsburg Township*, 92 Kan. 636, 141 Pac. 581, it was held that actual knowledge of conditions naturally productive of injury, obtained while repairing a road, constitutes notice of defect.

The complaints regarding the admission of evidence have been examined and nothing substantially prejudicial appears.

Fault is found with certain statements made in argument by one of the counsel but the record discloses that the trial court acted promptly, properly and sufficiently in this matter. One of the points most strongly pressed is that the findings as to notice were not supported or sufficient. These were to the effect that the township trustee had actual notice of the defect at least five days prior to the time of the injury, which notice consisted of personal knowledge and that he received this notice Monday before the accident, which was about dark on the following Saturday. There was considerable testimony indicating that the roadway was obstructed a week or ten days before the accident and the trustee himself testified that he was director of the work of construction. The language of the statute is: "Shall have had notice of such defects for at least five days prior to the time when such damage was sustained." (Gen. Stat. 1909, § 658.) Long before this enactment the legislature had laid down the rule that, "The time

within which an act is to be done shall be computed by excluding the first day and including the last." (Civ. Code, § 747.)

As early as the 18th Kansas, it was said:

"But we take the law to be well settled, however, in matters of practice, where any particular number of days not expressed to be *clear days* is prescribed, the rule in regard to the computation of time, is, not to exclude both the day on which the notice is served and the day on which the act is to be performed, but to exclude the one and include the other . . . The spirit, if not the letter of our statute sustains this computation. It provides that the time within which an act is to be done shall be computed by excluding the first day, and including the last." (*Dougherty v. Porter*, 18 Kan. 206, 209.)

In *Northrop v. Cooper*, 23 Kan. 432, the rule was applied to a case requiring publication "for at least thirty days *before* the day of sale." (p. 435.) The same argument was made there as here, that thirty full days were intended. In *Schultz, Adm'x, v. Clock Co.*, 39 Kan. 334, 18 Pac. 221, the same rule was followed and it was said:

"Three days before the *time* of appearance are required; and we think this provision does not contemplate that three full days shall elapse between the day of service and the day of appearance, or that any exception shall be made from the statutory rule of computing time." (p. 337.)

(See, also, *Howbert v. Heyle*, 47 Kan. 58, 63, 27 Pac. 116; *Matthews v. Arthur*, 61 Kan. 455, 59 Pac. 1067; *Erie Township v. Beamer*, 71 Kan. 182, 183, 79 Pac. 1070; *The State v. Sessions*, 84 Kan. 856, 858, 115 Pac. 641.)

Following, therefore, the well-established rule, it must be held that actual knowledge acquired on Monday was sufficient, the injury occurring the following Saturday evening.

The judgment is affirmed.