No. 22,576.

GEORGE S. LEISENRING, as Administrator of the Estate of CHET FULLER, Deceased, *Appellee,* v. PLEASANT HILL TOWN- SHIP, *Appellant.*

### SYLLABUS OF THE COURT.

1. DEFECTIVE HIGHWAY—*Accident—Presentation of Claim for Damages.* Where an action against a township on account of a death alleged to have been occasioned by a defective highway has resulted in a judg- ment for the plaintiff it is not a ground of reversal that the defendant pleaded and proved that no verified statement of the claim had been presented to the township board in accordance with the statute.

2. SAME—*Notice of Defect to Township Trustee—Insufficient Evidence.* The evidence is held not to sustain a finding that the trustee had no- tice of the defective condition of a highway five days before the oc- currence of the accident upon which the action against the township is based.

Appeal from Ellis district court; ISAAC T. PURCELL, judge. Opinion filed December 11, 1920. Reversed.

*Lee Monroe, Guy L. Hursh, E. R. Sloan,* and *C. M. Monroe,* all of Topeka, for the appellant.

*E. A. Rea,* of Hays, for the appellee.

The opinion of the court was delivered by

MASON, J.: Chet Fuller was killed by the overturning of an automobile in which he was riding. His administrator re- covered a judgment against the township in which the accident occurred on the ground that it was due to the defective condi- tion of the highway. The defendant appeals.

1. The answer alleged, and the evidence showed, that no verified statement of the claim sued on had ever been presented to the township board, as required by statute (Gen. Stat. 1915, § 11558), and the appellant contends that this establishes a defense. Expressions tending to support that view have been used by this court, although no explicit decision has been made upon the point. (*Gillett v. Comm'rs of Lyon Co.,* 18 Kan. 410; *Railroad Co. v. Kearny County,* 58 Kan. 19, 48 Pac. 583; *Skin- ner v. Cowley County,* 63 Kan. 557, 66 Pac. 635.) The statute

cited does not undertake to say what shall be the consequence of a failure on the part of a claimant to comply with its provisions before commencing an action. Here the township, after a trial of the case at which the full character of the demand must have been developed, is refusing to recognize it. Manifestly a presentation of the claim would have resulted in its rejection. In that situation the ordinary rule as to the effect of a failure to make a proper demand seems applicable. If the township had admitted liability at any stage of the proceedings it should doubtless have been relieved from the payment of costs up to that point, but as it is still denying all obligation the omission of the plaintiff to make a formal presentation of the claim before suit can have had no prejudicial effect and does not now constitute a defense or ground of abating the action.

2. The appellant contends that the evidence was insufficient to support a finding that the trustee had had notice of the defect for at least five days prior to the accident, as required by the statute in order to render the township liable. (Gen. Stat. 1915, § 722.) The jury found in answer to special questions that the trustee had obtained such notice "by making two personal trips across the fill several days before the accident occurred." The abstract shows no evidence upon which this finding could have been based except the following testimony of the trustee:

"Q. Would you say that you had been over that road within a month previous to the time of the death of Chet Fuller? A. Well, it was just a few days before his death, I was over the road one evening.

"Q. You knew the condition of the road at that time? A. I didn't notice, particularly, the condition of it. We had been attempting to get help to fix our roads but not that road in particular. We had several roads in that community to work on at that time and everybody was busy with their fall work."

Assuming that this was sufficient evidence of actual notice to the trustee of the condition of the road at the time he referred to, it fails to show that this was as much as five days before the accident. The statement that it was a few days before would be just as true of four days as of six or more. Another witness, after describing the condition of the road at the time of the accident, gave this testimony:

Leisenring v. Pleasant Hill Township.

"Q. Did you have any conversation with Mr. Disney (the trustee) concerning the length of time the road had been in that condition previous to this? A. I don't think so. Do you mean before or after?

"Q. No, after. A. I don't remember whether I did or not.

"Q. What is your recollection as to whether you had a conversation with him or some member of the township board with reference to that proposition? A. Well, I think I spoke to some of them.

"Q. What is your impression as to whether or not he was present at the time? A. It seems to me that he was, but I can't say for certain.

"Q. And what was said by him, if it was him, as to the length of time that road had been in that condition? A. I think it was about three weeks."

Assuming that a declaration by the trustee after the accident as to his prior knowledge of the condition of the road was competent, the language just quoted does not supply the gap in the evidence. The witness did not state that he heard the trustee say that the road had been in the condition referred to for three weeks. He said that he did not remember whether or not he had had any conversation with the trustee on that subject; that he spoke to some of the board about it, and that it seemed to him the trustee was present. He was then asked what was said by the trustee, *"if it was him,"* as to the length of time the road had been in such condition, and answered— "I think it was about three weeks." We think it quite clear that by this answer he merely undertook to say what the effect of the statement was that he had heard some member of the board make, the trustee being present, but had no thought of even expressing an opinion that the utterance was that of the trustee himself.

For the reason indicated the judgment must be set aside. Other rulings are complained of, but as the plaintiff failed to make a *prima facie* case upon a vital point there is no occasion to consider them.

The judgment is reversed and the cause is remanded, with directions to render judgment for the defendant.