No. 24,071.

AGNES JOYCE, *Apellee*, v. QUINDARO TOWNSHIP OF WYANDOTTE
COUNTY, *Appellant.*

SYLLABUS BY THE COURT.

DEFECTIVE HIGHWAY—*Notice to Township Trustee.* In an action under section
722 of the General Statutes of 1915 to recover from a township damages
caused by a defect in a highway, there was evidence sufficient to establish
that the township trustee had both notice and knowledge of the defect
as to render the township liable for the damages sustained.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. Mc-
CAMISH judge. Opinion filed January 6, 1923. Affirmed.

*L. W. Keplinger,* and *C. W. Trickett,* both of Kansas City, for the appellant.
*James F. Getty,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.:  The plaintiff brought this action under section
722 of the General Statutes of 1915 for personal injuries to her,
caused by a defective public road in the defendant township. Judg-
ment was rendered in favor of the plaintiff, and the defendant
appeals.

The defendant in its reply brief states that "all the error upon
which we rely is involved in the claim that the evidence does not
show notice to the township trustee of the defect complained of."

The road was on a hill side, and the defect in the road consisted
of ditches on its sides, in its center, and across it.  The plaintiff
testified in part as follows:

"Q. Now, Mrs. Joyce, do you know Mr. Emmet Scanlon?  A. Yes.

"Q. Was the township trustee out there at that time?  A. Yes.

"Q. You had been acquainted with him before this accident, hadn't you?
A. No, I had known him—Yes, I had met him on the road and spoke to him
about repairing it but I was introduced to him later.

"Q. How long was that before the accident?  A. That would be about
three months before the accident.

"Q. What did you tell him about the road?  A. I told him the road was
in a condition needed fixing or some of us would get hurt sooner or later.

"Q. Did you specify any particular part of the road?  A. Yes.

"Q. What did you say to him with reference to the particular part of the
road you was complaining of?  A. I told him it was funny that we paid our
taxes and we never could get any work done on the road.  I says, 'Here around

Barker's they work on the road but our part they never.' I told him the road was in very bad condition and needed taking care of.

"Q. Did you tell him what road? A. I told him the Merritt road right where we live.

"Q. What did he say to that? A. He told me he would look after it."

She further testified to a conversation had by her with the township trustee after the accident in which he said, "I would have fixed the road but there was no money in the treasury and I thought to fix this road many times. They wouldn't let me do it because there was never no money in the treasury."

In response to inquiries she testified as follows:

"Q. What, if anything, did he say about knowing the road was in bad condition? A. He said he had known it was in bad condition for three or four months.

"Q. What I am trying to get at is, did he say anything about whether or not he knew the road was in bad condition before you was hurt or after? A. He said he knew the road was in bad condition for three or four months before I was hurt."

Another witness, a son of the plaintiff, testified that in a conversation with the township trustee after the accident, the latter stated that he knew the road was in bad condition for about three months before the accident, that the township was out of money, and that they would not appropriate any money to have him repair the road.

That evidence tended to prove that the township trustee had both notice and knowledge of the defect in the road at the place where the accident occurred. There was no other defect at that place. The township trustee had notice and knowledge sufficient to charge the defendant with liability for the damage sustained by the plaintiff on account of the defect in the highway.

The judgment is affirmed.