No. 24,592.

Ralph O. Burgess, *Appellant,* v. Center Township and Olive Township, of the County of Decatur, *Appellees.*

SYLLABUS BY THE COURT.

1. Defective Bridge—*On Township Road—Trustee Had no Statutory Notice of Defect Five Days Before Accident Occurred.* Rule followed that no liability for damages for injuries sustained because of a defective bridge on a township road can be imposed on the township where the trustee had neither five days' notice of the defect nor its equivalent—five days' actual knowledge of such defect, before the accident occurred.

2. Same—*No Error in the Record.* Error assigned on the instructions, and other objections to the judgment, examined, and not sustained.

Appeal from Decatur district court; Willard Simmons, judge. Opinion filed February 9, 1924. Affirmed.

*W. S. Langmade, V. D. Woodward,* and *A. C. T. Geiger,* all of Oberlin, for the appellant.

*J. F. Peters,* of Oberlin, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action for damages for injuries sustained by plaintiff at an alleged defective bridge on a township road in Decatur county. The road was the division line of Center and Olive townships; and for convenience of the township authorities that portion of the road where the accident occurred was supervised and maintained by Center township.

The plaintiff and certain members of his family were driving westward along the road in a Ford automobile. A small stream or draw which crossed the road was bridged with planks 16 feet long. The bridge was 10 feet wide. The bridge was set somewhat obliquely to the road and was some inches lower on the south side. There was a plank railing or banister on the south which swayed or leaned outward. As plaintiff drove on the bridge the steering gear of his car broke, so that the car could not be controlled; the left front wheel dropped off the bridge and the car overturned into the draw and plaintiff was injured. Hence this lawsuit.

Plaintiff charged both townships with negligence in maintaining the bridge in a defective condition, and that the trustees of both townships had notice and knowledge of the condition of the bridge and roadway more than five days before the accident, and that—

"With full knowledge of said conditions and the danger to the travelling public thereon have wholly failed, neglected and refused to rebuild said bridge or provide suitable and sufficient barriers or guard rails thereon."

Olive township answered that under a division of road work effected some years ago with Center township, and sanctioned by law (R. S. 68-527), it had neither supervision nor control of that portion of the township road where plaintiff was injured.

Center township answered alleging that plaintiff's injuries were sustained through his own fault by fast driving, and by the defective character of his steering gear, of which he was aware prior to his accident. Defendant also pleaded plaintiff's contributory negligence, and alleged that the bridge was suitably equipped with guard rails, and that the south guard rail was broken by the impact of plaintiff's car when the defective steering gear was broken and the car got out of control. There was also a general denial in the answer,

sufficient to traverse the plaintiff's allegations of defendants' notice and knowledge of defects in the bridge and highway.

The jury returned a verdict for plaintiff in the sum of $925; and answered four special questions, viz:—

"1. Did the trustee of Center township have actual notice of any defect in such bridge or guard rail before such accident? Ans. No.  . . .

"3. Did the trustee of Olive township have actual notice of any defect in such bridge or guard rail before such accident? Ans. No.  . . .

"5. Did the trustee of Center township have actual knowledge of the defective construction of the said bridge or guard rail five days or more before the date of the accident? Ans. No.  . . .

"7. Did the trustee of Olive township, five days before such accident have actual knowledge of any defect in the construction or manner of construction of said bridge or of the guard rail thereon, before the accident complained of? Ans. No."

On motion of defendants the general verdict was set aside, and judgment pursuant to the special findings was rendered in their behalf.

Plaintiff appeals, specifying error in the instructions. He contends that these did not explain that actual knowledge of any defect in the bridge would be the equivalent of the five days' notice required by statute. Two of the instructions read:

"No. 15. You are further instructed, gentlemen, that the facts necessary to be established by plaintiff by a preponderance of the evidence, to entitle him to recover are:

"First, negligence on the part of the defendant in the matter complained of;

"Second, plaintiff's freedom from fault or negligence in the matter complained of;

"Third, damage to the plaintiff proximately caused by the defendants' negligence;

"Fourth, that township trustees had at least five days' notice of defects in such bridge, and, if you find the above essentials established by a preponderance of the evidence, then your verdict should be for the plaintiff in such amount as you believe he has sustained in damages.

"No. 15½. You are instructed that if the trustees of the townships defendants or either of them had five days' actual knowledge of the defects in the construction of such bridge, if such defects existed, then and in that case, such actual knowledge is equivalent to such five days' notice required by statute. The five days' notice required by statute need not be in writing; no particular formality is necessary in giving such notice; it is enough if he gains actual knowledge of the defect, if there be defect, from any source in such prescribed time of five days."

Counsel for plaintiff construe instruction No. 15½ to mean "that the actual knowledge [of the trustee] mentioned in this instruction

Burgess v. Center Township.

must have been acquired within a prescribed time of five days . . . the instruction says, in effect, that it must be *within five days* from the time of the accident."

Read in connection with its context, it is not justly subject to so critical an interpretation. The fifteenth instruction, immediately preceding, properly declares the law to be that the township trustees must have had at least five days' notice of a defect in the bridge before the townships could be subjected to liability, and No. 15½ merely adds that five days' actual knowledge would satisfy the statutory prerequisite of five days' notice. It is also urged that the court committed error in omitting from No. 15 the words "actual knowledge." But it is seldom necessary nor is it always good practice to crowd all the pertinent law into one instruction. No. 15 dealt with notice, and No. 15½ dealt with actual knowledge. This was sufficient. Moreover, the questions of fact pertaining to actual knowledge were so simply and correctly propounded to the jury, (questions 5 and 7) that the suggested obscurity in the instruction could have had no prejudicial influence on the jury in arriving at their special findings of fact.

Plaintiff also contends that "the testimony shows clearly that the bridge was constructed as it stood at the time of the trial; that it stood obliquely across the roadway," and that it was established and admitted that the trustees were fully apprised of its situation. Granted. Many bridges are purposely built to stand obliquely to the general direction of a public road. That is a question or problem of good engineering, and would involve consideration of the contour of the land, the course of the stream bed, the approaches, and the like. There was no evidence that such construction was insufficient or improper, or that the township trustees knew that a bridge so constructed and situated was or would be dangerous to public travel. (*McFarland v. Emporia Twp.*, 59 Kan. 568, 53 Pac. 864.)

Plaintiff next argues the question of proximate cause of the accident. It can be assumed that he is right on this contention, but the special findings of want of five days' notice or its equivalent of five days' actual knowledge, by either of the trustees, bars his recovery nevertheless.

Another contention is that the special questions should not have been asked, nor the jury's answers permitted to stand. Assuming that plaintiff's grievance was otherwise fully established against

the townships, no liability could be imposed on them unless it was fairly and squarely determined that the trustees had the statutory notice or its equivalent. The special questions were therefore highly proper, and the answers were similarly pertinent and responsive; and the special findings ascertained and concluded by these answers necessitated the setting aside of the general verdict, and required the rendition of a judgment in favor of defendants. (R. S. 68-301; *Hari v. Ohio Township,* 62 Kan. 315, 62 Pac. 1010; *Valley Township v. Stiles,* 77 Kan. 557, 95 Pac. 572, *Wagner v. Edwards County,* 103 Kan. 719, 176 Pac. 140, 665; *Leisenring v. Pleasant Hill Township,* 108 Kan. 29, syl. ¶ 2, 193 Pac. 893.)

Affirmed.