No. 25,290.

CHARLES R. STORY, *Appellee,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BROWN, *Appellants.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE — *Defective Condition of Highway — No Material Variance Between Allegations and Proof.* Where a petition alleges that by reason of the failure of the county to provide any warning of a deep excavation across the road except a board close to its edge, the plaintiff ran his car into the excavation, proof that in seeking to avoid the excavation he turned quickly to one side, and in so doing ran off of a temporary bridge, is not to be held a material variance in the absence of a showing that the defendant was actually misled.

2. SAME—*Construction of Statutes—Duty of Counties.* Where, after the enactment of the statute making counties liable in some circumstances for injuries caused by defective highways, the legislature imposes upon counties a new duty with the purpose of making highways safer, the omission of that duty creates a defect in the highway within the meaning of the earlier act.

3. SAME—*Evidence—Notice of Defect to Chairman of County Commissioners.*

The evidence is held to justify a finding that the chairman of the county board had actual notice of the existence of the defect causing an accident, more than five days before it took place.

Appeal from Brown district court; COLONEL W. RYAN, judge. Opinion filed June 7, 1924. Affirmed.

*W. F. Means,* of Hiawatha, for the appellants.

*Sample F. Newlon, W. E. Archer,* both of Hiawatha, and *Orestes Mitchell,* of St. Joseph, Mo., for the appellee.

The opinion of the court was delivered by

MASON, J.: This is an appeal from a judgment recovered by Charles R. Story against the board of county commissioners of Brown county on account of injuries to himself and to his automobile, received after dark on October 6, 1921, due to a defective condition of a highway for which he alleges the defendant was responsible.

1. The defendant asserts that there was a material variance between the plaintiff's pleading and proof. The petition alleged, in substance, that while an old county bridge was being replaced by a new one, a deep excavation was made across the highway, no warning of it being given to travelers and no barrier being interposed to their approach, except a board east of it and within two feet of its edge, which was insufficient for either of such purposes; that the plaintiff, approaching in his car from the east, ran into the excavation, being unable to avoid it, owing to the board being so close to it. The plaintiff's testimony was that this board was right close up to the excavation, two or three or four feet from it; that he did not see it until within less than ten feet of it; that he turned quick to the right, the car dropped, and that was the last he knew at the time. It appears that a temporary bridge had been built to the north. The jury found that the plaintiff ran off this temporary bridge and that there was no defect in its construction, but that the proximate cause of the accident was "insufficient warning." We do not think the variance was material. The likelihood of the defendant having been misled is remote, and no proof on the subject seems to have been offered as the statute requires shall be done where a material variance is claimed. (R. S. 60-753.) Whether the plaintiff by reason of not having timely warning of the excavation actually ran into it, or in seeking to avoid it ran off the temporary bridge, was a matter having no important bearing on the defendant's

liability and was one concerning which it was easy for him to be mistaken at the time the petition was drawn.

2. The defendant suggests that the statutory liability of the county is limited to injuries by reason of a "defective bridge, culvert or highway" (R. S. 68-301); that when the statute cited was enacted no law required lights to be maintained on bridges or highways or any place, although one has since been passed making it the duty of the county in some circumstances to cause red lights to be used at night to mark detours on account of road repairs (R. S. 68-121); and that it was not the legislative purpose to extend the scope of the county's liability. Where the subsequent statute imposes upon the county a new duty with the purpose of making highways safer, we regard the omission of that duty as creating a defect in the highway within the meaning of the act establishing the county's liability. However, the present judgment is not based upon the omission of the statutory duty to provide lights, but upon the county's permitting the highway to become defective through a failure to adopt some sufficient method of giving warning of dangers due to alterations which were in progress—of conditions making a detour necessary.

3. The defendant asserts that there was no evidence tending to show the chairman of the board of county commissioners had notice of any defect in the road other than his knowledge of the fact that a new bridge was being constructed. The bridge was built under a contract which had been let in April, 1921. The final payment to the contractor was made two days before the accident, but the bridge does not appear to have been formally accepted. It was a fair question for the jury whether the means taken to warn travelers of the condition of the highway were sufficient for the purpose. According to the plaintiff's testimony, there was no visible warning at the time of the accident other than the board referred to, and it was not proved that any change in this respect had recently taken place. There was evidence that the chairman of the county board had driven out by the bridge several times in September while the work was in progress; that he had been present at the measuring of the cement work a little before the last payment; and that with the contractor he drove out to the bridge, passing over it and around it frequently during the entire summer. In order to render the county liable for the consequences of a defect in the highway the chairman's notice of the defect must be actual and not merely

constructive, but actual notice may be established by circumstantial evidence—by fair inference from the proved facts. (*Watkins v. Harper County,* 95 Kan. 166, 147 Pac. 822.) Here the frequent visits of the chairman to the scene of the repairs, obviously with the purpose of inspection, warrants the finding that he knew of the conditions under which the accident occurred for more than five days before it took place.

The judgment is affirmed.