No. 26,456.

U. H. ROSEBAUGH, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ALLEN, *Appellee.*

SYLLABUS BY THE COURT.

HIGHWAYS—*Injury from Defect—Liability of County—Notice of Defect.* The petition considered in an action against a board of county commissioners for damages for injury occasioned by a defect in a highway resulting from failure to install statutory warnings against obstructions created by improvement work, and *held,* notice to the chairman of the defect for at least five days before the accident was not alleged in terms or disclosed by the facts pleaded, and the county rests under no liability except by virtue of the statute providing for such notice.

Appeal from Allen district court; ROBERT E. CULLISON, judge. Opinion filed February 6, 1926. Affirmed.

*Charles H. Apt* and *Frederick G. Apt,* both of Iola, for the appellant.

*J. E. B. Miller,* county attorney, and *Travis Morse,* of Iola, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover damages for death of plaintiff's son, caused by a defect in a highway. A demurrer to the petition was sustained, and plaintiff appeals.

The county board undertook to improve a county highway. The board purchased the material and did the work itself, instead of utilizing independent contractors. From time to time truck loads of gravel were dumped in piles on the traveled portion of the way, and unless the gravel were promptly spread it would obstruct travel and make use of the highway dangerous. The work had been going on for more than fifteen days previous to the accident, and the chair-

---

Highways, 29 C. J. pp. 671 n. 76, 692 n. 55, 712 n. 18; 13 R. C. L. 343.

man of the board was personally present from time to time as the improvement progressed. On the evening of September 10, 1924, three loads of gravel were dumped in piles on the road and were left unspread and unguarded. About nine o'clock at night an automobile driven by Ralph Lee, a traveler on the road, encountered one of the piles and was overturned. Plaintiff's son was an occupant of the automobile with Lee and sustained injuries which caused his death.

The county is liable in damages for injuries sustained on account of defects in a highway, provided the chairman of the board had actual notice of the defect for at least five days prior to the time injury was sustained. (Laws 1887, ch. 237, § 1, revised in 1923 to correct an obvious omission not now material; R. S. 68-301.) The legislature of 1917 imposed on a county undertaking to improve a highway, duty to maintain detour signs, warnings, barricades, and red lights at night. Failure to discharge this duty renders the county officers subject to prosecution for misdemeanor, but no civil liability was imposed on the corporation. (R. S. 68-121, 68-122.) If the county were suable to the same extent as a city, neglect to comply with a statutory regulation designed to make travel on a highway safer would entail liability to a person injured on account of the negligence. The county, however, as an agent of sovereignty, rests under no common liability for negligence of its officers. It is not subject to actions for damages except so far as the legislature has expressly provided. The result is, failure to discharge the duty imposed by the statute of 1917 merely renders the highway defective, and liability for the defect must be enforced under the statute of 1887. (*Story v. Brown County,* 116 Kan. 300, 226 Pac. 772.)

The petition alleged the chairman of the county board knew that each day, as work progressed, gravel in large quantities would be dumped on the traveled portion of the highway; but there was no allegation of a practice to leave gravel so deposited unspread from day to day, or even from hour to hour. So far as the petition disclosed, piles of gravel were leveled, and possibility of dangerous obstruction to travel was removed, immediately after the trucks dropped their loads, with the single exception of the three piles not leveled before discontinuance of work on the evening of September 10. The petition alleged the obstruction created by those three loads of gravel was left without warnings, guards, barricades or red lights from 5 p. m. to 9:30 p. m. on the day of the accident; but there was

no allegation of a practice to leave obstructions unguarded at night. Liability was distinctly predicated on a specific defect—obstruction by the three loads of unspread gravel, left unguarded for four and one-half hours. Conceding that the chairman had actual notice of the defect because the board was doing the work, an indispensable condition of liability—notice for at least five days—did not exist.

Plaintiff cites the case of *Watkins v. Harper County*, 95 Kan. 166, 147 Pac. 822. The question in that case was whether the chairman of the board had notice; not whether notice had been received the statutory length of time before the accident occurred. In the opinion the court said:

"It was not incumbent on the plaintiff to show that the officer had knowledge of any particular hole in the bridge and that plaintiff's horse stepped into that hole. It is enough if he had actual notice that the floor of the bridge was defective and dangerous as long as five days before the injury was sustained. It appears that the greater part of the floor was obviously defective, as it was necessary to replace about four-fifths of the planks in the floor. The holes and broken planks were so numerous and manifest and had existed for so long a time that notice of it was almost inescapable to anyone passing over it who had possession of his senses." (p. 170.)

In this case the petition was not framed on the theory that the three unguarded piles of gravel were a characteristic feature of a continuing menace to travel caused by neglect to distribute surfacing material and provide warnings, persisting during the period the highway was undergoing improvement, and there was no direct charge that the chairman had notice of the defect for the statutory length of time.

The judgment of the district court is affirmed.