No. 34,922

MARJORIE KINZIE, a Minor, et al., *Appellees,* v. NEW GOTTLAND TOWNSHIP, *Appellant.*

(107 P. 2d 707)

Opinion filed December 7, 1940. ▪

*James A. Cassler* and *L. H. Ruppenthal,* both of McPherson, for the appellant.

*Hal Alderman,* of Lyons, and *Archie T. MacDonald,* of McPherson, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: On May 17, 1938, four college students riding in a Ford roadster were traveling in a westerly direction on defendant's road. One John Miller was driving—the plaintiff was riding in the rumble seat.

Miller testified that the sun was going down on the western horizon as they drove down the hill; the sun had a tendency to blind him; there was a shadow across the highway; there was a washout in the road about ten feet wide; the ground might have been damp, but it wasn't very muddy; he first saw the ditch or washout when he was about the length of his car away. The car was going about twenty miles an hour, and when it struck the washout it bounced the car around some. The car turned out to the northwest and traveled about seventy-five or eighty feet, and stopped ten or twelve feet north of the road. The plaintiff was thrown from the car and sustained the injuries for which she asks damages.

The defendant township appeals from the judgment in favor of the plaintiff, and assigns as error orders and rulings of the court in overruling the demurrer to plaintiff's evidence, the motion for an instructed verdict, the motion for judgment notwithstanding the verdict, and the motion for a new trial.

Did the township trustee have notice of the alleged defect in the highway for at least five days prior to the time when the injury was sustained?

The county engineer testified that he was familiar with the township road in question; about 1932 to 1934 the township asked that a county bridge be constructed at this particular point on the township road. He went out to the road again in the winter of 1937. The township trustee was present on these occasions. He stated that one of the arguments made by the township trustee for a bridge at the time was that the road had washed out at that particular point.

The witness Kinzie testified that in a conversation with the township trustee nine days after the accident, the trustee stated that "there was a bad place down there in the road and that they had filled it in a number of times and after a heavy rain it would wash out."

This was the substance of plaintiff's testimony on the question of notice. The accident occurred in May, 1938. The last conversation of the county engineer with the township trustee as to the condition

of the road was in the winter of 1937. In the statement made by the trustee to Kinzie no time was designated as to when there was a bad place in the road.

Under our statute G. S. 1935, 68-301, the township is not liable for damages unless the township trustee had notice of the defect for at least five days prior to the time the damage was sustained. Under the statute and the uniform holdings of this court (*Hari v. Ohio Township*, 62 Kan. 315, 62 Pac. 1010; *Wagner v. Edwards County*, 103 Kan. 719, 176 Pac. 140; *Backstrom v. Ogallah Township*, 149 Kan. 553, 88 P. 2d 1026) plaintiff's evidence falls far short of the notice required.

We have examined the entire record and find no testimony that tends to supply the paucity of proof in plaintiff's evidence. Considering all of plaintiff's evidence as true, and giving the plaintiff the benefit of all favorable inferences to be adduced therefrom, as we are bound to do (*Pierce v. Edgerton*, 151 Kan. 107, 98 P. 2d 129; *Hurla v. Capper Publications, Inc.*, 149 Kan. 369, 87 P. 2d 552), we think the demurrer to plaintiff's evidence should have been sustained. The judgment is reversed and the cause remanded with directions to enter judgment for defendant.