No. 42,040

CHARLES C. BISHOP, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BUTLER, *Appellee.*

(364 P. 2d 65)

Opinion filed August 1, 1961.

*Calvin L. McMillan*, of Wichita, argued the cause, and *Robert W. Kaplan*, of Wichita, was with him on the briefs for the appellant.

*Warren Ralston*, County Attorney, argued the cause, and *Ervin E. Grant*, Assistant County Attorney, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: Plaintiff, Charles C. Bishop, brought this action against the defendant, The Board of County Commissioners of Butler County, Kansas, to recover damages sustained to his person and property on account of an alleged defect in a county highway. The district court sustained a demurrer to plaintiff's evidence, dismissed the action at his cost and overruled his motion for a new trial. This appeal followed.

The pleadings are not in question, hence reference thereto will be limited to matters defining the issues and outlining the claims of the parties relating to the conditions and circumstances under which the accident occurred.

The petition alleges in substance that on July 6, 1958, plaintiff was driving his motorcycle on North Ohio Street, a Butler County road, at a speed of fifty-five to sixty miles per hour when, at a point on such highway approximately five miles north of the city limits of Augusta and some thirty feet south of the southern end of the Kansas turnpike overpass, he struck a hole in the blacktop pavement, which was approximately six to eight inches deep, one and one-half feet wide and three feet in length, thereby causing him to lose

control of his motorcycle and sustain serious injuries (describing them).

Further pertinent allegations of the petition are to the effect that the defendant (referring to the individual members of the Board of County Commissioners) together with the County Engineer and the Superintendent of Roads and Bridges for Butler County, did, in accordance with G. S. 1949, 68-301, receive actual personal notice of the hole in the highway at least five days prior to plaintiff's accident, but that such defendant, County Engineer and Superintendent of Roads and Bridges, failed and neglected to cause such hole to be repaired, despite their actual personal knowledge thereof; and that prior to the accident plaintiff had no knowledge, either personal or otherwise, of the existence of the hole and was free from any negligence contributing to injuries or damages sustained by him in the accident.

In its answer the defendant denies generally all allegations contained in the petition; specifically denies any actual notice of the hole in the highway was ever provided by the plaintiff to the members of the Board of County Commissioners or by any other person or that notice was given to any county employee, including the County Engineer and Superintendent of Roads and Bridges, or that any knowledge whatsoever was had of the hole, if one did exist, in the highway on the date of the accident; and asserts that if plaintiff was injured by reason of driving his motorcycle on a county road then such injuries were the direct and proximate result of his own negligence in driving his motorcycle.

With issues joined as indicated the case came on for trial by a jury, which was duly empaneled and sworn to try the cause. At the close of plaintiff's evidence defendant demurred thereto on the ground such evidence failed to establish facts sufficient to constitute a cause of action in favor of plaintiff and against the defendant under the provisions of G. S. 1949, 68-301. Subsequently the trial court sustained the demurrer upon the premise on which it was based, discharged the jury, dismissed the action, and then overruled plaintiff's motion for a new trial. Thereupon plaintiff perfected the instant appeal, wherein the decisive appellate issue involved is whether the trial court erred in sustaining the demurrer to his evidence.

Since questions relating to the liability of counties and townships for damages for injuries sustained because of defects in bridges, culverts and highways have been the subject of legislative and

judicial action ever since the adoption of the constitution of this state we deem it necessary to review the conditions and circumstances under which such entities were subjected to any liability whatsoever for defects in highways.

Before 1887 counties and townships, being quasi-corporate subdivisions of the state, were not liable in damages for any injuries sustained because of negligence of their officers or employees in the construction or maintenance of highways, or because of defects therein. (*Eikenberry v. Township of Bazaar*, 22 Kan. 556; *Comm'rs of Marion Co. v. Riggs*, 24 Kan. 255. See, also, *Silver v. Clay County*, 76 Kan. 228, 91 Pac. 55; *Shawnee County v. Jacobs*, 79 Kan. 76, 78, 99 Pac. 817; *Harper v. City of Topeka*, 92 Kan. 11, 14, 139 Pac. 1018.)

In 1887 the legislature, by the enactment of Ch. 237, L. 1887, saw fit to make counties and townships liable, under the circumstances therein set forth, in damages for injuries sustained because of defects in highways, subject to specific conditions that, as to counties, the chairman of the board of county commissioners must have had notice of the defects for at least five days prior to the time when the damage was sustained and that, as to townships, the township trustee must have had like notice of such defects. Chapter 237, L. 1887, remained unchanged in our general statutes (See, *e. g.,* G. S. 1935, 68-301) until it was amended by Ch. 340, L. 1947, now G. S. 1949, 68-301.

So far as applicable to the issues here involved it can be stated the only material difference between the two enactments above mentioned is that Ch. 237, L. 1887, required notice to the chairman of the board of county commissioners for the period of time above indicated as a mandatory prerequisite to liability on the part of the county, whereas under the provisions of Ch. 340, L. 1947, the previously existing mandatory prerequisite to liability on the part of the county is satisfied when any member of the board of county commissioners, the county engineer or the superintendent of roads and bridges of the county shall have had notice of highway defects for at least five days prior to the time the damage is sustained by reason thereof. By the same token it may be said the provisions of Ch. 237, L. 1887, and those of Ch. 340, L. 1947, are so similar in form and substance that decisions construing the force and effect of the first enactment (Ch. 237) are to be regarded as sound and controlling precedents in determining the rights and liabilities of the parties in actions based on the amended statute (Ch. 340).

The parties agree this action is founded on G. S. 1949, 68-301. Therefore pertinent portions thereof should be quoted. They read:

"Any person who shall without contributing negligence on his part sustain damage by reason of any defective bridge, culvert, or highway, may recover such damage from the county or township wherein such defective bridge, culvert or highway is located, as hereinafter provided; that is to say, such recovery may be from the county when such damage was caused by a defective bridge, culvert or highway which by law, or agreement entered into pursuant to law, the county is obligated to maintain, and when any member of the board of county commissioners, the county engineer or superintendent of roads and bridges of such county shall have had notice of such defects for at least five days prior to the time when such damage was sustained; and in other cases such recovery may be from the township, where the trustee of such township shall have had like notice of such defect. . . ."

It should be noted at this point that neither the statute just quoted (See *Rockhold v. Board of County Commissioners,* 181 Kan. 1019, 317 P. 2d 490) nor its predecessor (*Cunningham v. Clay Township,* 69 Kan. 373, 377, 378, 76 Pac. 907; *Parr v. Shawnee County,* 70 Kan. 111, 115, 78 Pac. 449; *Fisher v. Township,* 87 Kan. 674, 678, 125 Pac. 94; *Rothrock v. Douglas County,* 98 Kan. 286, 158 Pac. 19; *Wagner v. Edwards County,* 103 Kan. 719, 729, 730, 176 Pac. 140; *Hollinger v. Dickinson County,* 115 Kan. 92, 222 Pac. 136; *Cunningham v. Rice County Comm'rs,* 121 Kan. 269, 246 Pac. 526; *Shaw v. Lyon County Comm'rs,* 126 Kan. 319, 267 Pac. 1069) imposes liability for general negligence. Instead they strictly impose a statutory liability for defects in county and township bridges, culverts and highways. That the same holds true of a similar statute (G. S. 1949, 68-419, now G. S. 1959 Supp., 68-419) imposing liability on the state for defects in its highways is fully demonstrated by what is said and held at page 345 of this court's opinion in *Shields v. State Highway Commission,* 178 Kan. 342, 286 P. 2d 173. See, also, *Bohrer v. State Highway Comm.,* 137 Kan. 925, 926, 22 P. 2d 470.

It is this court's considered judgment that four things must be established by evidence before recovery can be had from a county under the provisions of G. S. 1949, 68-301. Stated in the order in which we desire to list them, for present purposes, they are: (1) That there was a defect in a county bridge, culvert or highway; (2) that the defect in the county bridge, culvert or highway caused the injury for which damages are sought; (3) that there was no contributory negligence on the part of the party claiming damages by reason of the defect in the county highway; and (4) that in order to recover from a county it must also be established by evi-

dence that one of the three members of the board of county commissioners, or the county engineer or the superintendent of roads and bridges of the county had notice of the defect in the county highway as much as five days prior to the injury. It should perhaps be added that, under the terms of the same statute, before recovery can be had from a township the three things hereinabove identified as (1), (2) and (3) must be established as to township highways and it must also be established that the township trustee had notice of the defect in the township highway at least five days prior to the time when the damage was sustained.

The fact we have outlined the requirements of the statute (G. S. 1949, 68-301) does not mean that issues are here raised respecting the state of the evidence relating to all such requirements. Indeed, it can now be stated, appellee makes no serious contention the record presented fails to disclose evidence sufficient to go to the jury on questions relating to the claimed defect in the highway on the date in question or that such defect contributed to the injuries sustained by appellant in the accident. Nor is it contended appellant's evidence discloses, that in driving his motorcycle into the defect, he was guilty, as a matter of law, of negligence which barred his recovery.

From what has been related the all-decisive issue presented by this appeal becomes obvious and may be stated thus:

Does the appellant's evidence disclose facts sufficient to establish that any member of the board of county commissioners, the county engineer or the superintendent of roads and bridges of Butler County had notice of the defect in the North Ohio Street highway at least five days prior to the time appellant sustained damages in the involved accident?

Questions, similar to the one just posed, relating to the evidentiary facts necessary to satisfy the statutory prerequisite of notice in actions against counties and townships under the provisions of 68-301, *supra*, have been before this court on many occasions and the rules governing their determination have been so frequently considered, discussed and applied in our decisions they must be regarded as the established law of this state and given full force and effect in reviewing the sufficiency of the evidence in the case at bar.

One of our landmark decisions, which deals specifically with the statutory prerequisite of notice, is *Arnold v. Coffey County Comm'rs,*

131 Kan. 343, 291 Pac. 762. In that decision (keeping in mind all references to the term "chairman" are now equally applicable to the following officials "any member of the board of county commissioners, the county engineer or the superintendent of roads and bridges") the leading cases on the point now under consideration are cited and this court in part said:

" . . . This notice must amount to actual knowledge. (*Hari v. Ohio Township,* 62 Kan. 315,·62 Pac. 1010.) The fact that the defect had existed for a long time, or that the chairman, if diligent in the performance of his duty, should have known of the defect, is not sufficient. (*Parr v. Shawnee County* [70 Kan. 111, 115, 78 Pac. 449], supra.) It must be shown that he had actual knowledge of the specific defect which caused the injury. (*Jones v. Walnut Township,* 59 Kan. 774 [memo only], 52 Pac. 865; *Parr v. Shawnee County,* supra; *Valley Township v. Stiles,* 77 Kan. 557, 559, 95 Pac. 572.) Defendant's demurrer should be sustained if the petition does not allege such actual knowledge (*Hari v. Ohio Township,* supra; *Higman v. Quindaro Township,* 91 Kan. 673, 139 Pac. 403), or if the evidence does not show it (*Wagner v. Edwards County* [103 Kan. 719, 729, 730, 176 Pac. 140], supra; *Rosebaugh v. Allen County Comm'rs,* 120 Kan. 266, 243 Pac. 277). This showing may be made by any competent evidence, direct or circumstantial (*Story v. Brown County,* 116 Kan. 300, 302, 226 Pac. 772; see, also, *Cloud County v. Vickers,* 62 Kan. 25, 61 Pac. 391; *Erie Township v. Beamer,* 71 Kan. 182, 79 Pac. 1070; *Mosier v. Butler County,* 82 Kan. 708, 710, 109 Pac. 162; *Higman v. Quindaro Township,* 89 Kan. 476, 132 Pac. 215; *Amis v. Jewell County* [98 Kan. 321, 158 Pac. 52], supra; *Joyce v. Quindaro Township,* 112 Kan. 513, 212 Pac. 68); but the showing of the chairman's actual knowledge of the specific defect in the bridge, culvert or highway which caused the injury for which damages are sought as much as five days before the injury is essential to liability. (See cases above cited, also *Leisenring v. Pleasant Hill Township,* 108 Kan. 29, 193 Pac. 893; *Burgess v. Center Township,* 115 Kan. 346, 223 Pac. 475.)" (p. 347.)

For a later decision, where the foregoing quotation from the *Arnold* case is quoted verbatim, see *Backstrom v. Ogallah Township,* 149 Kan. 553, 559, 88 P. 2d 1026.

See, also, *Kinzie v. New Gottland Township,* 152 Kan. 725, 107 P. 2d 707, where it is said:

"Showing of the township trustee's actual knowledge of specific defects in township highway which caused injury for which damages are sought,.as much as five days before injury, is essential to liability of township for injuries sustained by defects in such township road. (G. S. 1935, 68-301.)" (Syl.)

And, as demonstrating that the legal principles announced in *Arnold v. Coffey County Comm'rs,* supra, remain the law of this state, see *Rockhold v. Board of County Commissioners,* 181 Kan. 1019, 317 P. 2d 490, where it is held:

"Where plaintiff's petition alleges a defect in a county highway which caused the death of plaintiff's son within one hour after county road employees created the defect, it is *held*, pursuant to G. S. 1949, 68-301, that at least five days' notice of the defect to one of the county officials designated by statute, in order to charge the county with damages occasioned by such defect, is a mandatory prerequisite to liability on the part of the county, since the liability created is wholly statutory and is not based upon the law of negligence. (Reaffirming construction of G. S. 1949, 68-301, in *Arnold v. Coffey County Comm'rs*, 131 Kan. 343, 291 Pac. 762.)" (Syl.)

And in the opinion, (p. 1023) after citing several of the decisions cited in the *Arnold* case, said:

"Despite the logic of appellant's arguments, we are constrained to adhere to our prior decisions construing G. S. 1949, 68-301, and hold that the liability of a county for defects in a bridge, culvert or highway is conditioned upon the proper county official under the statute having actual knowledge of the specific defect which caused the injury for which damages are sought at least five days prior to the time when the damage was sustained. This construction of the statute has persisted through the reported cases in Kansas since the turn of the century, and the legislature has not seen fit to change it. Therefore, it must be presumed that the construction heretofore placed upon the statute conforms to the legislative intention." (p. 1024.)

In view of our decisions and the record presented, and with direct reference to the heretofore stated decisive question, counsel for the appellant, with commendable candor, quite properly admit: (1) That the notice required by G. S. 1949, 68-301, is actual notice to one of the five county officials therein named; (2) that they do not contend their evidence discloses actual notice of the highway defect in question to any member of the board of county commissioners or the engineer of Butler County in the manner required by such statute; and (3) that they do not claim the record includes any evidence to the effect that Walt Singer, the then duly appointed and acting superintendent of roads and bridges of Butler County, ever received notice of such defect by word of mouth or written communication from any one.

Thus it becomes obvious the only question remaining for decision under the decisive issue, to which we have heretofore referred, is whether the circumstantial evidence of record is sufficient to establish that Walt Singer had the essential prerequisite notice of defect required by the statute.

Heretofore we have indicated the evidence was sufficient to establish that on July 6, 1958, there was a defect in appellee's North Ohio Street county road, the size of which was approximately as alleged

in the petition, located on the west side of the highway between Augusta and El Dorado at a point about five miles north of the city limits of Augusta, and that such defect contributed to the injuries sustained by appellant while driving his motorcycle on such highway. Hence further reference to evidence relating to those matters is unnecessary.

We therefore turn to certain informative facts and to pertinent circumstantial evidence of record, touching the question stated in the second preceding paragraph of this opinion.

Several witnesses, who lived in the vicinity and traveled both ways on the North Ohio Street Road, testified they had observed a defect in the west traffic lane of such road, south of the turnpike overpass, and that it had existed for a month or so prior to July 6, 1958.

Nina Fritz, who lived approximately a quarter of a mile south of where the defect was located, testified that she had seen a county road crew working a mile or two north of the turnpike bridge between the 20th and 27th of June. Her husband, Joel Fritz, testified that he knew the county crew had been working on both the north side and south side of the bridge, and that the defect in the highway south of the bridge was still there after the crew had completed its repair work.

Walt Singer was called as a witness by the appellant and testified that at the time of the accident he was employed as superintendent of roads and bridges for Butler County and had been for sixteen years, and that the North Ohio Street Road, the situs of the accident, was within his assigned territory. He further testified in substance that he lived in Augusta and came to El Dorado every Monday morning for county meetings, usually traveling north to El Dorado on the North Ohio Street Road, and that ordinarily, when he did so, he would go back on some other road. During the course of his testimony this witness flatly denied that he had been notified, or that he had observed, or that he had been made aware of the defect on the west side of the highway during the summer of 1958, before July 6.

During the further course of his examination this witness, obviously for the purpose of establishing notice by circumstantial evidence, was examined at length regarding the conditions and circumstances under which he had traveled the road for several weeks prior to the accident. In connection with these interrogatories he frankly admitted that he had traveled such road, one way, at

least once a week; that on some date in July, 1958, while en route to El Dorado on such highway, he had observed a defect, located south of the overpass on the right hand (east) side of the road going up the grade to the overpass; and that any one of his crews working on the highway would have to be there as the result of his direction. In leaving this evidence it should be stated that our careful examination of the record fails to disclose anything whatsoever which can be construed as indicating that such witness was ever asked whether he had traveled south from El Dorado·to Augusta on the west lane of the North Ohio Street Road over the defect in question, or that he had made admissions to the effect he had done so.

Nothing would be gained by laboring the numerous decisions heretofore cited. Conceding they hold that circumstantial evidence may be sufficient to show adequate notice under the provisions of 68-301, *supra*, such evidence must clearly show actual notice by one of the officials therein mentioned as distinguished from constructive or imputed or implied. (See, *e. g., Wagner v. Edwards County,* supra.) It suffices to say that after reviewing the foregoing circumstantial evidence we are convinced it falls far short of the actual notice required by statute (68-301) and our decisions construing its force and effect. Indeed, in our opinion, were we to hold otherwise under the facts of this case our decision would be based purely upon speculation and conjecture.

Based upon what has been heretofore stated and held we are constrained to hold that since the appellant's evidence failed to establish one of the mandatory prerequisites to liability on the part of the county in actions instituted under the provisions of 68-301, *supra, i. e.,* at least five days' notice of the defect to one of the county officials designated by its terms, the demurrer to his evidence should have been sustained on that basis and the trial court's action in sustaining such demurrer must be upheld.

Finally it should be stated that in reaching the conclusion just announced we have not failed to note divers decisions of this court relied on by appellant as sustaining his claim of error. A careful analysis of such decisions discloses, that from the standpoint of the circumstantial facts involved as to notice, they deal with situations entirely different from the one disclosed by the instant record and are therefore clearly distinguishable.

The judgment is affirmed.

WERTZ and ROBB, JJ., dissenting.