No. 32,127

EMMA FARNSWORTH, *Appellant*, v. DELAWARE TOWNSHIP and the TOWNSHIP BOARD OF HIGHWAY COMMISSIONERS OF DELAWARE TOWNSHIP, *Appellees.*

(51 P. 2d 59)

Opinion filed November 9, 1935.

*Frank H. Thompson, J. H. Brady* and *N. E. Snyder,* all of Kansas City, for the appellant.

*Lee Vaughan, Jr., James K. Cubbison* and *Blake A. Williamson,* all of Kansas City, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: Plaintiff brought this action to recover damages for the wrongful death of her husband alleged to have been caused by defects in a township highway. The jury answered special questions and returned a verdict for defendants. Plaintiff has appealed.

The highway in question, locally known as the Morse road, is maintained by the defendant township. It extends west for several miles from the city limits of Bonner Springs, in Wyandotte county. It had been graded and somewhat improved. West of the city limits, perhaps 800 feet, is a culvert over a creek. From the east and from the west of the culvert the highway slopes downward at an angle of five or six degrees. East of the culvert the surface of the highway had been covered with gravel. West from the culvert the highway had been graded about eighteen feet in width and the dirt surface treated with oil—a strip about twelve feet wide along the center. The creek mentioned crosses the highway at an angle

from the northeast to the southwest, and as it comes from the culvert on the south side of the highway it runs west near the high-way a short distance—the bed of the creek being about ten feet lower than the surface of the highway—and then winds its way to the south and west. On each side of the highway at the culvert defendants had placed railings. On the south side of the highway the railing was in three panels, each about twelve feet long, one being over the south end of the culvert and the other two extending west from it. There is a controversy in the evidence as to whether the two west panels were in place at the time of the casualty, soon to be mentioned.

Plaintiff and her husband lived west of Bonner Springs a few miles and used this highway frequently in going to town and for him to go to his work. On the day of the casualty, plaintiff going to a store and her husband going to his work in Bonner Springs, got into their model T Ford car, several years old, and drove from their home east on this highway, the husband driving. As they came down the slope toward the culvert above mentioned the car seemed to become unmanageable. It was difficult to steer, and shortly be-fore it reached the culvert it turned to the south over the bank and into the creek. The car upset and plaintiff's husband was killed. Plaintiff alleged the highway was defective in this, that holes had developed in the traveled portion of the highway and ruts had been cut therein. Two of these holes were described as being of "major size," about three feet in length and four or five inches deep, and it was alleged that there were numerous holes and ruts in the high-way caused by the traffic, the wearing of the road surface, and water which had washed down the slope, and that it was also de-fective in not having a proper railing or barrier along the bank of the creek at the edge of the highway just west of the culvert. De-fendants denied the defective condition of the highway, or that the death of plaintiff's husband was caused by any defect in the high-way. Other portions of the pleadings need not be specially noted. The jury answered special questions as follows:

"1. State whether or not there was any defect on Morse road on May 4, 1931. A. Yes.

"2. If you answer Question 1 in the affirmative, state what said defect con-sisted of. A. Washout extending eleven feet west from culvert on south side of Morse avenue.

"3. If you answer Question 1 in the affirmative, state where said defect was with reference to the culvert. A. ——.

"4. If you answer Question 1 in the affirmative, state whether any particular defect caused the accident. A. No.

"5. If you answer Question 4 in the affirmative, state whether or not the trustee of Delaware township had notice of any defect prior to said accident. A. ———.

"6. If you answer Question 5 in the affirmative, state when and how said township trustee acquired notice or knowledge of the existence of such defect. A. ———.

"7. State whether or not on May 4, 1931, there was a guardrail on the south side of Morse road at the place where the plaintiff's car went into the ditch. A. Don't know.

"8. If you answer Question 7 in the affirmative, state whether or not said guardrail was knocked down into the ditch by plaintiff's car. A. Don't know.

"9. What was the proximate cause of the accident? A. Contributory negligence of the deceased."

When the verdict was returned plaintiff asked that the jury be instructed to retire and answer all special questions and to give a more complete answer to question 9 by stating in what particular the deceased was guilty of contributory negligence. This request was denied.

Appellant first complains that the court refused her request that the jury be required to answer all the special questions. It will be noted that the first four were answered, the answer to No. 3 being embodied in the answer to No. 2. The jury was asked to answer question 5 "if they answered question 4 in the affirmative." The jury answered question 4 in the negative, hence, was not required to answer question 5. For a similar reason the jury was not required to answer question 6. The answers to questions 7 and 8 may be regarded as adverse to plaintiff, but in fact they become unimportant if the answers to the first four questions stand.

Appellant complains of the answer returned to question No. 9, and contends there was no evidence to support it. It will be noted this is not the question frequently asked in damage cases, namely: "Was plaintiff (or defendant) guilty of contributory negligence?" And, "If you answer this question in the affirmative, state specifically in what respect the party was negligent." This question 9 was simply: "What was the proximate cause of the accident?" Now the jury had found that no defect of the highway caused it. In view of this the jury might well have concluded that since no defect of the highway caused the accident it must have resulted from some inattention or lack of due care on the part of

the deceased. Irrespective, however, of whether deceased was negligent in a manner which contributed to his death, plaintiff could not recover if the accident or casualty was not caused by a defect in the highway. (*Arnold v. Coffey County Comm'rs*, 131 Kan. 343, 291 Pac. 762.) Hence, the answer returned by the jury to this question becomes unimportant on plaintiff's right to recover in this action.

Appellant complains of instructions given by the court on contributory negligence of the deceased and contends that there was no evidence in the record which justified the giving of such instructions. The question was put in issue by the pleadings. The question may be said to be inherent in this class of actions (R. S. 68-301), and the fact the car was driven off the traveled portion of the road, which the jury found not to be defective, would cause reasonable men to think that the deceased must have been lacking in due care.

Appellant next complains that the court erred in refusing to give certain requested instructions. These were to the effect that even though the deceased knew the highway to be defective he was not compelled to abandon it and take some other road, perhaps more circuitous, to the place he wanted to go. There was no contention in this case that the deceased should have taken some other route. The question of whether he was negligent in not doing so was not an issue raised either by the pleadings or the evidence. The instructions requested on this point were properly refused.

It is next contended that the court erred in refusing to give a requested instruction with respect to notice of a defective condition of the highway to the township trustees. The instructions given on that question cover the subject fully and fairly.

Appellant argues the verdict is unsupported by the evidence because it is based upon the contributory negligence of the deceased. We are unable to see that the verdict is based upon that. The first point plaintiff had to establish was that there was a defect in the highway; second, that the injury or death of her husband was caused by that defect. (*Arnold v. Coffey County Comm'rs*, supra.) The jury specifically found that no defect in the highway caused the accident. That is a sound basis for the general verdict. There is an abundance of evidence to support this view; indeed, it is not contended such evidence was lacking. This casualty happened in May; the day was clear; the highway dry. Evidence on behalf

of defendants was to this effect: That the previous summer, in July or August, the highway had been graded smooth, eighteen feet wide, slightly higher in the center so water would drain to the sides; that a twelve-foot strip through the center had been specially prepared for oil treatment, and a heavy coating of hot oil applied to the surface; that this had hardened, making a hard surface, practically smooth, and was without holes or ruts at the time of the casualty. It is true there was some conflict in the testimony respecting holes or ruts in the highway. It was the function of the jury and the trial court to determine the facts from this evidence. They have determined the facts favorably to defendants.

Appellant argues the answers to the special questions are inconsistent with each other and with the general verdict. We are unable to find such inconsistencies. Other matters discussed do not require special treatment.

We find no error in the record. The judgment of the court below is affirmed.